BRUCE BROWN, RESPONDENT, v. CHICAGO, ROCK ISLAND & PACIFIC R. R. CO., APPELLANT.—98 S. W. (2d) 129.

Kansas City Court of Appeals. November 9, 1936.

*Platt Hubbell* for respondent.

*Luther Burns, Conrad & Durham, Hale Houts* and *I. M. Lee* for appellant.

CAMPBELL, C.—This is a compensation proceeding. The record discloses that plaintiff was injured on December 21, 1930; that on March 4, 1931, the defendant filed with the Workmen's Compensation Commission a report of the accident; that on March 30, 1931, the defendant wrote to the commission that it "has made an effort to get Mr. Brown to accept compensation, but he refuses to do so. Under the

circumstances, would it not be in order for the commission to set this case for hearing with a view of having award of compensation made?" The commission complied with the request, set the matter for hearing on June 11, 1931, and gave both plaintiff and defendant due and timely notice of the hearing. At the time fixed by the commission the defendant appeared and introduced evidence showing that plaintiff was entitled to compensation. The plaintiff, however, did not appear nor participate in that proceeding. The commission, on June 15, 1931, made an award as follows: .

"The above parties having submitted their disagreement or claim for compensation for the above accident to the undersigned Referee of the Missouri Workmen's Compensation Commission, and after hearing the parties at issue, their representatives, witnesses and evidence, the undersigned hereby finds and awards temporary or partial compensation for said accident in favor of the above employee (or dependants) and against the above employer and insurer as provided in the Missouri Workmen's Compensation Act, as follows:

"For temporary total disability at the rate of $16.27 per week from December 21, 1930, to and including June 11, 1931, and thereafter until such disability shall cease, but in no event to exceed 400 weeks with the right in either party to apply for a modification thereof at any time.

"Each of said payments to begin as of December 21, 1930, and to be payable and be subject to modification and review as provided in said Act.

"This award is only temporary or partial and is subject to further order, and the proceedings are hereby continued and the case kept open until a final award can be made. If this award be not complied with, the amount hereof shall be doubled in the final award, if such final award is in accordance herewith."

The plaintiff did not file with the commission a claim or statement of any kind until on December 11, 1933, when he filed a verified claim stating therein the facts concerning the accident, the making of the award of June 15, and that he was permanently and totally disabled and prayed the commission to make a reasonable and proper disposition of his claim. Notice of the time and place of the hearing of the claim was duly served upon both plaintiff and defendant. Upon a hearing before a referee the defendant filed a plea to the jurisdiction of the commission upon the ground that plaintiff had lost whatever right he had to compensation because he had failed to file a claim therefor within six months after the date of the accident. The plea was overruled, the matter heard, and plaintiff awarded compensation "of 71.2 weeks of compensation at $16.33 a week or a total of $1162.70." The award of the referee was affirmed upon review by the commission. From that award the defendant appealed to the

circuit court. The circuit court affirmed the award and the defendant has appealed to this court.

The defendant contends that the commission was without jurisdiction to make the final award because the employee, plaintiff, failed to file a claim with the commission within six months after his injury and that the commission did not obtain jurisdiction to make the award by reason of the defendant's report of the accident in March, 1931; or by reason of the request of the defendant to the commission to have the matter heard; or by reason of the defendant appearing and participating in the hearing on June 11, 1931.

The report made by the defendant to the commission stated every essential fact necessary to show that plaintiff was entitled to compensation. The defendant appeared at the hearing on June 11 and introduced evidence tending to show that the commission, provided it had jurisdiction of the cause, was in duty bound to make the award. The single question presented on this appeal is whether or not the commission, under the facts of record, had power to make the award of June 15.

The courts of this State have ruled that the filing of a claim within the time required by section 3337, Revised Statutes 1929, is jurisdictional. [Higgins v. Heine Boiler Co., 328 Mo. 493, 41 S. W. (2d) 565; Wheeler v. Missouri Pacific R. R. Co., 328 Mo. 888, 42 S. W. (2d) 579, and cases cited therein.] In none of these cases was the construction of section 3338, Revised Statutes 1929 involved. That section provides that if the employer and the injured employee fail to reach an agreement in regard to compensation "either party may make an application to the commission for a hearing in regard to the matters at issue and for a ruling thereon;" and that thereupon the commission shall notify the parties in interest of the time and place of the hearing.

The report told the commission that plaintiff had sustained a compensable injury. The letter of March 30 told the commission that the defendant and its injured employee had failed to agree in regard to compensation, requested that "this case" be set for hearing, and for a ruling thereon. The letter was in effect an application and every fact required by the *provisions* of section 3338 was stated therein.

The defendant argues that though it brought the matter to the commission, appeared and participated in the hearing after due notice to the parties, the commission nevertheless had no jurisdiction to make the temporary award of June 15 for the reason that plaintiff had not filed a claim for compensation; that the *application* for which provision is made in section 3338 cannot be made by "either party" until the injured employee has filed a claim for compensation. When a claim for compensation is filed by an injured employee it is the

duty of the commission to give the parties affected by it notice of the time and place of the hearing thereon, and to proceed without unnecessary delay in the determination thereof. In such circumstances the making of an *application* by either party for a ruling would be a vain and useless thing. The course of conduct of the defendant brought the question of compensation to the commission according to the provisions of section 3338. Were we to say that the defendant's present position is tenable we would in result abrogate section 3338. This we cannot do. Our conclusions are in harmony with the principle announced in the following cases: O'Malley v. Mack International Truck Corporation, 31 S. W. (2d) 554; Bruce v. Missouri, Kansas & Texas Ry. Co., 73 S. W. (2d) 425; De Tienne v. Wellsville Fire Brick Co., 70 S. W. (2d) 369.

The plaintiff argues that the defendant is estopped to deny that the commission had jurisdiction. The defendant of course did not intend to trifle with the commission. It no doubt believed the commission had power to make the temporary award. But it was the conduct of the defendant, not its belief, which conferred jurisdiction. However, its course of conduct at the time is an argument in favor of jurisdiction. Even though we were in doubt with respect to jurisdiction, the doubt would be resolved in favor of jurisdiction. [Hughes v. Maryland Casualty Co., 76 S. W. (2d) 1101.]

There is no claim that the commission lacked power to make the final award provided it had power to make the temporary award. The judgment is affirmed. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.