MAY WENTZ, Appellant, v. PRICE CANDY COMPANY ET AL.—No. 38516
—175 S. W. (2d) 852.

Division One, November 1, 1943.

Rehearing Denied, December 6, 1943.

2

*S. M. Mandell, N. R. Fischer* and *E. H. Gamble* for appellant.

*Leo T. Schwartz* and *Maurice J. O'Sullivan* for respondents.

DOUGLAS, P. J.—This is a proceeding under the Workmen's Compensation Act certified to this court by the Kansas City Court of Appeals on the ground its decision is contrary to decisions of the St. Louis Court of Appeals. 168 S. W. (2d) 462. We consider the case as we would a direct appeal. Const. Art. VI, Amd. 1884, Sec. 6.

Appellant's employment by respondent Candy Company was within the Compensation Act. She was injured on April 26, 1941. At that time the statute required claims to be filed with the Compensation Commission within six months from the date of injury. Sec. 3727, R. S. 1939. Accordingly, she had until October 26, 1941, to file her claim. However, on October 10, 1941, while appellant's claim was still alive, an amendment to Section 3727 became effective extending the

time for filing claims from six months to one year. 1941 Laws, 718. Appellant filed her claim on December 26, 1941. This was within a year but was after six months from the date of injury. Respondents contended before the commission appellant's claim was filed too late. The commission upheld their contention and refused compensation. The circuit court affirmed the commission but the Kansas City Court of Appeals found to the contrary and held the claim was filed in time.

The question for decision is whether the statute as amended is applicable to claims existing at the time the amendment became effective or only to claims accruing after such time. If the former, appellant's claim was timely filed. If the latter, appellant's claim remained subject to the six months limitation which period had expired and her claim was filed too late. To answer the question propounds other questions. Is Section 3727 a statute of limitation which operates merely on the remedy? Or, is the time limit such an integral part of the right of action itself that its lapse extinguishes the right altogether?

A statute which affects only the remedy may properly apply to a cause of action which has already accrued and is existing at the time the statute is enacted. Ordinary statutes of limitation are held to affect the remedy only. The principle is well settled that the period of limitation prescribed by such statutes may be enlarged and become applicable to existing causes of action, but an enlargement of the period of limitation may not revive a cause of action which has been barred under the limitation as it previously existed. Anno. 46 A. L. R. 1101. It is the rule in this State that a statute dealing only with procedure ▮ or the remedy applies, unless the contrary intention is expressed, to all actions falling within its terms whether commenced before or after the enactment. Clark v. Kansas City, St. L. & Chi. R. Co., 219 Mo. 524, 118 S. W. 40; Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 118 S. W. (2d) 3. If Section 3727 is found to govern the remedy only its amendment applies to appellant's claim; otherwise not.

The limitation imposed in a certain class of statutes has been held to operate on the right rather than on the remedy. Courts have distinguished between ordinary statutes of limitation and statutes creating a right with a special limitation appended to the exercise of the right on the ground the special limitation extinguishes the right rather than extinguishing the remedy. "A wide distinction exists between statutes providing for a limitation upon the remedy, and special statutory limitations enacted in qualification of a given right . . . The second class of statutes are more [than mere limitations on the remedy], for they create a right of action conditioned upon its enforcement within a prescribed period, the theory being that the lawmaking body which has the power to create the right may affix the conditions under which it is to be enforced, so that a com-

pliance with those conditions is essential. In other words, where time is made the essence of the right created, the limitation is an inherent part of the statute out of which the particular right arises, so that there is no right of action whatsoever independent of the limitation, and a lapse of the statutory period operates to extinguish the right altogether. 37 C. J. 686." Schrabauer v. Schneider Engraving Product Co., 224 Mo. App. 304, 25 S. W. (2d) 529. And see the discussion in Barker v. The Hannibal & St. Joseph Ry. Co., 91 Mo. 86, 14 S. W. 280.

We believe this distinction first arose in determining whether the limitation statutes of the forum governed a specially limited statutory right created by a foreign jurisdiction. In Story, Conflict of Laws, 8th Ed., Sec. 582, we find: "Suppose the statutes of limitation or prescription of a particular country do not only extinguish the right of action, but the claim or title itself, ipso facto, and declare it a nullity after the lapse of the prescribed period, and the parties are resident within the jurisdiction during the whole of that period, so that it has actually and fully operated upon the case; under such circumstances, the question might properly arise, whether such statutes of limitation or prescription may not afterwards be set up in any other country to which the parties may remove, by way of extinguishment or transfer of the claim or title. This is a point which does not seem to have received as much consideration in the decisions of the common law as it would seem to require. That there are countries in which such regulations do exist is unquestionable. There are states which have declared that all right to debts due more than a prescribed term of years shall be deemed extinguished; and that all titles to real and personal property not pursued within the prescribed time shall be deemed forever fixed in the adverse possessor." This court recognized Judge Story's distinction in Baker v. Stonebraker, 36 Mo. 338. See also Williams v. The St. L. & S. F. Ry. Co., 123 Mo. 573, 27 S. W. 387.

We must observe that the statutes considered by Judge Story in precise language declare the right a nullity after the period has expired. An example of such a statute is found in our statutes on mechanics' liens. Section 3562, R. S. 1939, directs that actions for such liens shall be commenced within ninety days after the lien is filed. It continues: "*And no lien shall continue to exist,* by virtue of the provisions of this article, for more than ninety days after the lien shall be filed, unless within that time an action shall be instituted thereon." In Fury v. Boeckler, 6 Mo. App. 24, the court stated the ninety days "are not provided as a period of repose, to bar actions; on the contrary, they are a limit to the existence of the lien." Later decisions of this court have loosely referred to this section as an ordinary statute of limitation without regard to the manifest operation of the limitation directly upon the right rather than the remedy. See

6

American Radiator Co. v. Connor Plumbing & Heating Co., 277
Mo. 548, 211 S. W. 56.

The intention of the legislature should be the guide in determining whether a statute extinguishes the right or merely the remedy. The plain language of a statute must of course be heeded in its expression of the legislative intention. Yet courts should exercise restraint in declaring a construction that the very right itself is extinguished by the lapse of time unless such is the plain statutory intent. Limitation laws operating on the remedy recognize instances of excusable delay in the ▇▇▇▇ enforcement of rights. Such laws are now construed liberally because of the more favorable judicial attitude toward them which has grown up in recent years. See Regan v. Williams, 185 Mo. 620, 1. c. 633, 84 S. W. 959; 34 Am. Jur. Limitation of Actions, sec. 38.

We turn now to Section 3727, R. S. 1939, the battle-ground of the controversy before us. It is a part of the chapter on workmen's compensation. The amendment consisted of inserting "one year" in place of "six months." As amended the section reads: "No proceedings for compensation under this chapter shall be maintained unless a claim therefor be filed with the commission within one year after the injury or death, or in case payments have been made on account of the injury or death, within one year from the date of the last payment. In all other respects such limitations shall be governed by the law of civil actions other than for the recovery of real property, but the appointment of a guardian shall be deemed the termination of legal disability from minority or insanity."

This court has previously considered this statute and held it was in no sense a mere statute of limitation or repose. In Higgins v. Heine Boiler Co., 328 Mo. 493, 41 S. W. (2d) 565, we said: "We are of the opinion that the Workmen's Compensation Act makes the time (prescribed for filing a compensation claim) the very essence of the right or remedy thereby created, and that the time so prescribed by the act is an inherent and inseparable part of the statute out of which the particular right or remedy arises, and by virtue of which statute such particular right or remedy therein created only can exist." We indicated the prescribed time limit is jurisdictional, the essence of the right of action, a condition upon liability, and a condition precedent to the right to prosecute a claim. In other words we found the limitation operated to extinguish the right.

But does it? Nowhere does the statute say the right of recovery shall be deemed extinguished if no claim is filed within the period. Nowhere does it pronounce such right a nullity under such circumstances. Indeed, the statute does not even mention the right. Only the procedure to enforce the right is referred to—"No proceedings for compensation . . . shall be maintained" etc. The time limit is made to operate expressly on the remedy. A remedy has been defined

to be the means by which a right is enforced or an injury redressed. The remedy is referred to as the "proceedings" for compensation. The operation of the limitation upon the remedy indicates the statute is a mere statute of limitation or repose. The above quoted language is strikingly similar to the language in Section 1002, R. S. 1939, the opening section in the article on limitations of real actions, a general limitation statute. "*No action* for the recovery of any lands . . . *shall be* commenced, had or *maintained.*" And to Section 1017 in the article on limitations of personal actions, "*No suit, action or proceeding* under power of sale to foreclose any mortgage . . . *shall be* had or *maintained.*" This is not all. The express language of the statute states it is one of limitation—"In all other respects *such limitations* shall be governed by the law of civil actions other than for the recovery of real property, but the appointment of a guardian shall be deemed the termination of legal disability from minority or insanity." We must consider and give meaning to the sentence. The only reasonable meaning we can give it is that the legislature intended the section should be governed by the general limitation laws applicable to personal actions. It is significant that we find the identical language—"civil actions, other than those for the recovery of real property" in Section 1012, R. S. 1939, the introductory section of the limitation statutes to personal actions. The application of the limitation laws of personal actions to Section 3727 was discussed but not decided in the Higgins case, supra, and in Wheeler v. Mo. Pac. R. Co., 328 Mo. 888, 42 S. W. (2d) 579. The ruling of the Higgins case quoted above is contrary to the expressed legislative intent and is erroneous.

The legislature clearly intended Section 3727 to be one of limitation and repose, affecting the remedy only, and we are obliged to so regard it.

The language of the statute considered in Cytron v. St. Louis Transit Co., 205 Mo. 692, 104 S. W. 109, decided by the court en banc, did not so clearly express the intention of the legislature, yet we held that statute to be one of repose. That case considered the limitation in the statute allowing damages for wrongful death, a statutory right unknown to the common law. The statute read: "Limitation of Actions. ▬▬—Every action instituted by virtue of the preceding sections of this chapter shall be commenced within one year after the cause of such action shall accrue." We held such statute "is not a span more or a whit less than one of limitation and repose."

The rule that the limitation extinguishes the right of action where a right unknown to the common law is created by statute and by the same statute the time for the enforcement of the right is fixed, without more, has not heretofore, so far as we can find, been widely followed in this State. It was recognized in Barker v. The Hannibal & St. Joseph Ry. Co., supra, where a time limit was coupled with a desig-

nation of the person who could exercise the right. It was discussed in the Cytron case, but not followed. The rule no doubt originated from the fact the early general limitation laws did not apply to a specialty, that is a right of action given by statute which was not known to the common law. See Angell on Limitations, 6 Ed., sec. 80. However this has been changed. General limitation laws now expressly cover statutory rights. Sec. 1014, R. S. 1939. Whatever may be the reason for the rule, the court en banc refused to follow it in the Cytron case. Certainly it should not be applied where, as here, the effect would be to defeat the clear intent of the legislature.

As section 3727 is a statute merely of repose, cases holding otherwise are expressly overruled in that respect. Among such cases are: Higgins v. Heine Boiler Co., 328 Mo. 493, 41 S. W. (2d) 565, supra; Schrabauer v. Schneider Engraving Product Co., 224 Mo. App. 304, 25 S. W. (2d) 529, supra; Murphy v. Burlington Overall Co., 225 Mo. App. 866, 34 S. W. (2d) 1034, 1039; Price v. K. C. Pub. Serv. Co. (Mo. App.), 42 S. W. (2d) 51; Helle v. Eyermann Contracting Co. (Mo. App.), 44 S. W. (2d) 234; Perry v. J. A. Kreis & Sons (Mo. App.), 49 S. W. (2d) 220; Caldwell v. J. A. Kreis & Sons, 227 Mo. App. 127, 50 S. W. (2d) 728; McEneny v. S. S. Kresge Co. (Mo. App.), 53 S. W. (2d) 1075; Bruce v. M. K. T. Ry. Co., 229 Mo. App. 124, 73 S. W. (2d) 425; Dewey v. Union Elec. L. & P. Co. (Mo. App.), 83 S. W. (2d) 203; Dennis v. Wrought Iron Range Co., 231 Mo. App. 969, 89 S. W. (2d) 127; Brown v. Chicago, R. I. & Pac. Ry. Co., 231 Mo. App. 126, 98 S. W. (2d) 129; Cleveland v. Laclede Christy Clay Products Co. (Mo. App.), 129 S. W. (2d) 12; Conn v. Chestnut St. Realty Co., 235 Mo. App. 309, 133 S. W. (2d) 1056; Schmitz v. Carr Trombley Mfg. Co. (Mo. App.), 139 S. W. (2d) 1064; Parker v. St. Louis Car Co. (Mo. App.), 145 S. W. (2d) 482; Lutman v. American Shoe Mach. Co. (Mo. App.), 151 S. W. (2d) 701; Martensen v. Schutte Lumber Co. (Mo. App.), 162 S. W. (2d) 312; Thomas v. Baker-Lockwood Mfg. Co. (Mo. App.), 163 S. W. (2d) 117.

Articles VIII and IX of the chapter of our statutes on civil procedure relate to limitations of real actions and limitations of personal actions respectively. Section 1039, R. S. 1939, in Article IX states: "The provisions of Articles VIII and IX of this chapter shall not apply to any actions commenced nor to any cases where the right of action or of entry shall have accrued before the time when said articles take effect, but the same shall remain subject to the laws then in force." By its terms this section does not apply to Section 3727 as amended which is no part of either Article VIII or IX. Nor can Section 3727 as amended be construed to be subject to Section 1039 by the reference in Section 3727 that its limitations shall be governed by the limitation laws relating to personal actions. Section 1039 is not of general prospective scope but applies only to actions which had accrued at the time Articles VIII and IX first took

effect many years ago. The application of Section 1039 was discussed in Billion v. Walsh, 46 Mo. 492, decided in 1870. Whenever Article VIII or IX have been amended and reenacted, Section 1039 has been construed to apply to actions accrued at the times the mandatory acts took effect. McFaul v. Haley, 166 Mo. 56, 65 S. W. 995; Telaneus v. Simpson, 321 Mo. 724, 12 S. W. (2d) 920. It may not be said that the amendment of a section which is no part of Articles VIII or IX can produce such a result. Accordingly, Section 1039 does not prohibit the amendment of Section 3727, extending the period of limitation, from applying to actions which had accrued at the time the amendment took effect.

The rule of statutory construction that the legislature, in reenacting a statute in substantially the same terms, is presumed to adopt the construction given to the statute by courts of last resort is not relevant here in view of the plain language of Section 3727 expressing an intent contrary to the construction given it. Such rule is of limited application and is merely to aid in ascertaining the legislative intent. The fundamental rule of statutory construction is that courts shall ascertain and give effect to the intention of the legislature. All other rules are subordinate to this one. 59 C. J., Statutes, sec. 568. Otherwise, the legislative intent could be defeated through erroneous decisions.

The Workmen's Compensation Act is contractual. State ex rel. Brewen-Clark Syrup Co. v. Mo. Workmen's Comp. Comm., 320 Mo. 893, 8 S. W. (2d) 897, 899. Still the application of the amendment enlarging the period of limitation to claims which had already accrued violates no constitutional inhibitions because the statute is procedural—applying to the remedy only. "No vested right exists in a fixed limitation of time for commencing actions, and the legislature may regulate the time even on existing causes of action if a reasonable time is allowed and an adequate means of enforcing the right of action remains." 16 C. J. S., Const. Law, sec. 266. It is well settled that statutes creating, extending or reducing a period of limitation are generally held not to impair the obligation of prior contracts.

The amendment to Section 3727 extending the limitation period to one year governs appellant's claim. As her claim was filed within the year it was not barred but was timely filed.

The judgment is reversed and the cause remanded with directions to the trial court to remand the case to the Workmen's Compensation Commission for further proceedings on appellant's claim. All concur.