Oscar H. HOSFIEL, Jr., Appellant,

v.

John F. MEYSTRIK, Director, Division of Employment Security, and MBPXL, a Delaware Corporation, Respondents.

No. 30166.

Missouri Court of Appeals, Western District.

April 30, 1979.

Jefferson G. Broady, Rock Port, for appellant.

John F. Gillespie, Larry R. Ruhmann, Jefferson City, for respondents.

Before HIGGINS, Special Judge, Presiding, SWOFFORD, C. J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment of dismissal of cause of action for judicial review of administrative ruling.

The petition filed by appellant, Oscar H. Hosfiel, Jr., alleged that he had formerly been employed by MBPXL; that on December 20, 1977, the defendants (John F. Meystrik, Director, Division of Employment Security, and MBPXL) "entered the findings and decision of the deputy in the matter of the claim of Oscar A. Hosfiel, Jr., as against the plaintiff, in which the plaintiff was not advised that his appeal must be in writing whereas the plaintiff orally advised members of the Division of Employment Security of his desire to appeal and they ignored, forgot or otherwise did not allow his appeal." The petition alleged that the finding of the referee was erroneous and the prayer was that the record of the proceedings in the cause be certified to the circuit court for review.

The Division of Employment Security moved to dismiss the petition for failure to exhaust administrative remedies. MBPXL moved to dismiss on the grounds that the petition for review had not been filed within 30 days after the agency's decision (Rule 100.04). The court sustained the motions to dismiss and ordered the cause dismissed.

On this appeal, appellant contends that the trial court erred in sustaining the motions to dismiss because the petition stated

a cause of action for judicial review based upon unreasonable delay on the part of the agency in deciding a contested case. Rule 100.03 provides, in part: "Unreasonable delay on the part of any agency in deciding any contested case shall be grounds for an order of the court either compelling action by the agency or removing the case to the court for decision." No authority otherwise is relied upon here. The only supporting argument is the assertion: " * * * [T]hree months is an unreasonable delay by the agency for a person out of work."

Section 288.070, RSMo Cum.Supp.1975, provides for appeals from the determination of a deputy of the Division of Employment Security on a claim for benefits.

Section 288.070 4. provides, in part:

"Unless the claimant or an interested party within ten calendar days after being notified by the deputy of his determination files an appeal from such determination, it shall be final."

The petition here in effect acknowledges that no notice of appeal was filed. It alleges merely that appellant orally advised members of the Division of Employment Security of his desire to appeal. This is not an allegation showing compliance with the statute. See *Murphy v. Burlington Overall Co.*, 225 Mo.App. 866, 34 S.W.2d 1035, 1037[1, 2] (1931), otherwise overruled in *Wentz v. Price Candy Co.*, 352 Mo. 1, 175 S.W.2d 852 (1943).

No notice of appeal having been filed, there was no pending matter before the Division at the time that the petition in this case was filed. There being no pending contested case before the Division, there would be no occasion for application of the provision of Rule 100.03 regarding delay in decision by the administrative agency.

Thus, although it could not be deduced from the reading of the petition in this case that appellant was relying upon Rule 100.03 regarding delay in action, in any event, the petition states no cause for relief under that provision. That conclusion may be reached without getting to the respondent Division's contention that 100.03 does not

apply to decisions of the Division because Chapter 288 provides a complete scheme for review of decisions of the Division of Employment Security. See *State ex rel. Ballard v. Luten*, 555 S.W.2d 855, 858[3] (Mo. App.1977).

Judgment affirmed.

All concur.