STATE ex rel. RESEARCH MEDICAL CENTER, Plaintiff,

v.

The Honorable William J. PETERS, Judge of the Circuit Court of Jackson County, Missouri, Division Sixteen, Defendant.

No. WD 33089.

Missouri Court of Appeals, Western District.

March 30, 1982.

John M. Kilroy, Shugart, Thompson & Kilroy, Kansas City, for relator.

James R. Bartimus, Kansas City, for defendant.

Before SOMERVILLE, C. J., and SHANGLER, PRITCHARD, WASSERSTROM, TURNAGE, CLARK and KENNEDY, JJ.

SHANGLER, Judge.

This proceeding in mandamus petitions us to direct the trial court, as a matter of right, to dismiss an action for wrongful death as within the bar of limitations. The precise question the proceeding poses is: whether the 1979 amendment to the wrongful death statutes which enlarges the period of limitations applies to an existent cause of action.

On *June 6, 1979*, Everett Peace, Jr. died. The statutes then extant [§§ 537.080 and 537.100, RSMo 1969] prescribed that every action for wrongful death be commenced within two years after accrual and that the spouse or minor children vested with the right to sue within one year after the death. On *September 28, 1979* —while the right of the Peace spouse and children to sue was still viable—a new comprehen-

sive death statute was enacted which not only enlarged the period of limitation to three years, but also grants to the class entitled to sue the full period of limitations—three years.[1] On *April 27, 1981*, within three years of the death, the spouse and two children commenced an action for wrongful death. On *July 2, 1981*, the petition was amended to add the father of the decedent as a party plaintiff.[2]

The defendants moved to dismiss the spouse and children of the decedent from the action on the ground that their claims were barred by § 537.080, RSMo 1969 in effect at the time of the death. The motion asserted that under the terms of that statute then extant the spouse or children of a decedent were required to appropriate the cause of action within one year after the death—that since the claims of those survivors were brought more than one year after the death, the court was under a peremptory duty to dismiss them from the action. The plaintiffs resisted dismissal on the premise that the enactment of the new wrongful death act—while their right to sue remained vital—extended the time for suit to three years [§ 537.100, RSMo Supp. 1982]. The trial court overruled the motion to dismiss, and our writ issued.

In effect, the trial court ruled that Laws 1979, p. 630 § 1 [§ 537.080, RSMo Supp. 1982] intends to apply retroactively to extend the limitation period for an existent cause of action for wrongful death to three years.

---

1. The new act [§ 537.080, RSMo Supp.1982] establishes three classes of persons in order of priority, and entitles a prior class in being to sue for damages for the wrongful death of the decedent to the exclusion of any other of the subordinate classes, and accords the entitled class the full three-year period of limitations to sue. [§ 537.100, RSMo Supp.1982]. The new statute places the spouse, children and parent of the decedent in the same class and gives them the first priority.

The mother and children Peace [and father Peace as added in the amended petition], plaintiffs in the underlying suit [and defendants in the mandamus action], would constitute the class with the first priority under the year 1979 wrongful death enactment. See also Mo.Bar

CLE, Tort Law Vol. II, Wrongful Death § 22.18 (1980); Missouri's New Wrongful Death Statute—Highlights of Some Significant Changes, 45 Mo.L.R. 476 (1980).

2. The title of the action was: Elizabeth Peace [spouse] and Sharon Greaves [daughter] and Patricia Wait [daughter] and Everett Peace, Sr. [father], plaintiffs, v. Research Medical Center and Dr. Richard L. Johnson and Wilhelm, Biggs and Johnson, Inc., defendants. The addition of the father, we must assume, was to conform the designated plaintiffs to include all those with the first priority to sue under new § 537.-080(1) and the proviso of § 537.080(3) [S.B. 368, Laws 1979, p. 630 § 1].

The constitution [Article 1, § 13] forbids the enactment of a retrospective law which impairs a vested right. *Lucas v. Murphy*, 348 Mo. 1078, 156 S.W.2d 686, 689[5, 6] (1941). A person owns no vested right in a statute of limitations, however, until the prescribed term has run. *Hartvedt v. Maurer*, 359 Mo. 16, 220 S.W.2d 55, 58[3] (1949). Thus, it is competent for a legislature to extend or reduce the period of limitation so as to regulate the time for a suit to be brought even as to an existent cause of action. *Clarke v. Organ*, 329 S.W.2d 670, 679[10] (Mo. banc 1959); *Rabin v. Krogsdale*, 346 S.W.2d 58, 60[3] (Mo. 1961). That assumes, however, that the limitation was enacted as a statute of repose, as a matter of procedure and remedy. In such case, the new statute applies *prima facie* "to all actions—those which have accrued or are pending, and future actions." *Clark v. Kansas City, St. Louis & Chicago Railroad Co.*, 219 Mo. 524, 118 S.W. 40, 43 (1909); *State ex rel. Clay Equipment Corporation v. Jensen*, 363 S.W.2d 666, 669[1, 2] (Mo. banc 1963). This yields the principle that a *procedural* statute operates retrospectively unless a contrary legislative intent appears from the terms of the enactment. *State ex rel. St. Louis-San Francisco Ry. Co. v. Buder*, 515 S.W.2d 409, 410[1] (Mo. banc 1974); *Darrah v. Foster*, 355 S.W.2d 24, 29[3] (Mo.1962). That says no more than that it is the intention of the legislature in every case which determined whether a statute of limitations works only on the remedy and not on the right. *Scheidegger v. Greene*, 451 S.W.2d 135, 138[4] (Mo.1970). A *caveat* attends that judicial enterprise, however: "courts should exercise restraint in declaring a construction that the very right itself is extinguished by the lapse of time unless such is the plain statutory intent." *Wentz v. Price Candy Company*, 352 Mo. 1, 175 S.W.2d 852, l.c. 854[4–6] (1943); *Welborn v. Southern Equipment Company*, 395 S.W.2d 119, 123[2] (Mo. banc 1965).

A litigant has a vested right that a statute shall not revive a cause of action expired by the lapse of limitations. *Uber v. Missouri Pacific Railroad Company*, 441 S.W.2d 682, 687[1] (Mo.1969). A litigant has a right also that a repeal and new enactment shall not by retrospective application impair a *substantive* right vested by the prior statute. *Darrah v. Foster*, 355 S.W.2d 24, 30[4] (Mo.1962); Mo.Const.Art. I, § 13 (1945); §§ 1.150 and 1.170 (RSMo 1978). The mandamus plaintiffs [defendants in the original action] argue that the cause of action of the Peace mother or children accrued on June 6, 1979, when Everett Peace died and that the provisions of §§ 537.080 and 537.100, RSMo 1969 then in effect which limited the commencement of suit to one year as to those survivors was a definition of substantive right and not merely a bar to the remedy, so that the rule of the trial court that the 1979 repeal and reenactment of those sections retrospectively enlarges the period of limitations on the cause of action to three years, impairs a substantive right contrary to law.

A wrongful death statute was enacted for the first time in Missouri in year 1855.[3] That statute—as all other successive amendments, repealers and reenactments until the comprehensive 1979 revision—nominated those entitled to sue [the spouse, then the minor children, then the parents] and prescribed the time for suit [within six months of the death, or one year, respectively]. The earliest consideration of that statute yielded the intent [*Coover v. Moore*, 31 Mo. 574, l.c. 576 (1862)]: that "only such persons can recover in such time and in such manner as is set forth in the statute." The court found that the right of the spouse to sue lapsed absolutely after six months,

---

3. A deft recapitulation of the rationale of a wrongful death statute, the English precursor, and the chronology of the Missouri statutes from first enactment in 1855 until the date of opinion is found in *Cummins v. Kansas City Public Service Co.*, 334 Mo. 672, 66 S.W.2d 920, 923 (banc 1933).

and that the cause of action was vested in the minor children. That construction of the wrongful death statute in *Barker v. Hannibal & St. Joseph R. Co.*, 91 Mo. 86, 14 S.W. 280 (1886) was formulated into the doctrine the courts have iterated since as the paradigm of the legislative intent [l.c. 281]:

> [D]amages for a tort to the person, resulting in death, were not recoverable at common law, nor could husband or wife, parent or child, recover any pecuniary compensation therefor against the wrong-doer. *Our statute on this subject both gives the right of action, and provides the remedy for the death, where none existed at common law, and where an action is brought, under the statute, it can only be maintained subject to the limitation and conditions imposed thereby. In conferring the right of action, and in providing such remedy, in designating when and by whom suits may be brought, it was, as a matter of course, competent for the legislature to provide and impose such conditions as it might deem proper, and the conditions thus imposed modify and quali-fy the right of recovery, or form rather, we think, a part of the right itself, and upon which its exercise depends. In the statute [the 1879 enactment] which creates the right of action, and in the same section in which the statutory right and remedy is thus conferred upon the husband or wife, it is further provided, by the second subdivision, as we have seen, that if there be no husband or wife, or he or she fails to sue within six months after the death, the right of action therefor shall be vested in the minor children of the deceased, if there be such. This provision is not, we think, merely a limitation or bar to the remedy of the wife, but is a bar to the right itself.* [parenthetical comment and emphasis added]

The rationale of *Barker*—that the proviso of the enactment which couples the designation of a party entitled to sue with a priority of successive suitors and fixes the time to enforce the right so that the lapse of limitations bars not only the remedy but also the right—continues as the dominant and recurrent discernment of the legislative intent of the wrongful death statute.[4] The

---

**4.** The statutory construction of the wrongful death statute by the *Barker* court that the time period prescribed for each class entitled to sue defines a substantive right of limitations and not a statute of repose was slighted twenty years later by the court en banc in *Cytron v. St. Louis Transit Co.*, 205 Mo. 692, 104 S.W. 109 (1907). That court, put to the construction of a limitation period of a successor but identical statute to determine whether a mother could join the father [already a plaintiff suitor] after the run of the limitation period for the death of an unmarried minor son determined [l.c. 110 per Lamm, J.]: "The statute in hand is not a span more, or a whit less, than one of limitation and repose." The court allowed the amendment of the petition after the lapse of limitations to the mother as an additional plaintiff and so save the cause of action. That decision, without mention of *Barker*, rested on numerous precedents decided both before and after, but not compatible with, the *Barker* view that the limitations of the death statutes were substantive elements of the cause of action.

*Cytron* has not been repudiated. Rather, that has been cited as authority for the principle that even as to a statutory cause of action, the legislative intent determines whether the period of limitations prescribed for the cause of action not known at common law is a statute of repose, and so procedural and retroactive, or is a substantive component of the cause of action—and so not affected by a subsequent repeal or amendment. *Wentz v. Price Candy Company*, 352 Mo. 1, 175 S.W.2d 852 (1943) relied on *Cytron* to determine that existent claim under the Workers Compensation Law [a statutory cause of action] was extended by the enactment of a statute which enlarged the period of limitations from six months to a year. *Welborn v. Southern Equipment Company*, 395 S.W.2d 119 (Mo. banc 1965) relied on the principle in *Cytron* that the statutory wrongful death limitations was remedial and not substantive to determine the legislature intended that the bar of limitations of the Workers Compensation Law was remedial and so subject to waiver—and so to extension, notwithstanding the cause of action was altogether a creation of statute.

The dichotome of authority between *Cytron* and *Barker* was noted in *Frazee v. Partney*, 314 S.W.2d 915, 918[3] (Mo.1958) and *Clarke v. Organ*, 329 S.W.2d 670, 677[9] (Mo. banc 1959) but the principle was beyond the issues in those cases and was not resolved.

statute [*Aley v. Missouri Pac. R. Co.*, 211 Mo. 460, 111 S.W. 102, 107 (1908) explains] "reserves to itself the exclusive power of naming those who could maintain the action, and of fixing the time in which each of the enumerated persons could sue . . . ." *State ex rel. Slibowski v. Kimberlin*, 504 S.W.2d 237, 239[2] (Mo.App.1973); *Nelms v. Bright*, 299 S.W.2d 483, 487[2–4] (Mo. banc 1957). The proviso that the person vested with the cause of action must enforce the right within the time allocated that class of suitor becomes "an inherent part of the cause of action" [*Baysinger v. Hanser*, 355 Mo. 1042, 199 S.W.2d 644, 646[2–4] (1947)] and imposes "a built-in limitation period of a substantive nature" [*Crenshaw v. Great Central Ins. Co.*, 527 S.W.2d 1, 5[8] (Mo.App. 1975)].

The discerned statutory purpose to conjoin both the right of the designated person to sue and the remedy to enforce the right within the time allowed into a substantive condition precedent to recovery imposes the duty not only to prove, but also to plead, the right to maintain the action. Thus, *Barker* reversed a recovery for the widow who sued after the six months the statute allotted to that class because the petition did not allege the nonexistence of minor children—the class [if in being] the statute nominated as entitled to appropriate the cause of action upon lapse of the spouse to sue within six months after the death. In the terms of the opinion [Barker, 14 S.W. l.c. 282]:

> So in the case now before us, where the action is brought by the widow after the expiration of the six months, her right to maintain the same is conditional, and depends on the non-existence of the minor children—a material and necessary fact, as we think, and which was not alleged or proved.

> \* \* \* \* \* \*

In statutory actions of this sort the party suing must bring himself strictly within the statutory requirements necessary to confer the right, and this must appear in his petition; otherwise, it shows no cause of action.

See also *Chandler v. Chicago & Alton R. Co.*, 251 Mo. 592, 158 S.W. 35, 37[4] (1913); *Briggs v. Cohen*, 603 S.W.2d 20, 22[4] (Mo. App.1980); *Baysinger v. Hanser*, 355 Mo. 1042, 199 S.W.2d 644, 646[4] (1947). The developed rationale of *Barker* results in the principle that the limitations of the death statute are matters of substantive right and do not merely repose the remedy. *Crenshaw v. Great Central Ins. Co.*, 527 S.W.2d 1, 4[2–7] (Mo.App.1975). They are rather conditions precedent to the right to sue—statutes of limitations of a special order and so beyond even any melioration the rules of civil procedure work on a general statute of limitations. *Forehand v. Hall*, 355 S.W.2d 940, 946[10, 11] (Mo.1962); *Clarke v. Organ*, 329 S.W.2d 670, 677[9] (Mo. banc 1959); *Baysinger v. Hanser*, 355 Mo. 1042, 199 S.W.2d 644, 646[4] (1947).

Thus, the entire rationale of *Barker* —that the span of time the statute designates for each successive beneficiary to sue for the wrongful death constitutes a special statute of limitations—rests on a legislative construct which endows a unitary cause of action to a most preferred suitor [if in being] to enforce within a limit of time, but if not appropriated, then to the next preferred suitor [if in being] within another limit of time, and then to the next. The right of each to maintain the action to the exclusion of all the others, therefore, rests on the conditions precedent of a suit brought by the most preferred suitor [5] [a status due to the nonexistence or default of more favored suitors] within the time conferred by the statute. *State ex rel. Kansas*

---

**5.** The postulate in *Barker* that statute which couples the suitor and the time to sue as *conditions precedent* to a recovery for wrongful death manifests the legislative intention that those elements become part of the substantive cause of action has not been followed rigorous-

ly—no doubt, to avoid unfair exclusion from recovery of the survivor most dependent upon the decedent. Rather, in numerous cases, a variant of the *Cytron* holding, which allowed a most favored suitor [the spouse] to join the action even after the lapse of limitations, has

*City Stock Yards v. Clark*, 536 S.W.2d 142, 145[2–8] (Mo. banc 1976); *Crane v. Riehn*, 568 S.W.2d 525, 528[3] (Mo. banc 1978).

*Barker* construed the original act of year 1855. The terms defined the cause of action and the order of suitor preference and the time for enforcement of the right:

Section 2.—

\* \* \* \* \* \*

*First*, By the husband or wife of the deceased; or,

*Second*, If there be no husband or wife, or he or she fails to sue within six months after such death, then, by the minor child or children of the deceased; or,

*Third*, If such deceased be a minor and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judg-ment; or if either of them be dead, then by the survivor.

The act contained also the plenary limitations provision:

Section 6.—

Every action instituted by virtue of the preceding sections of this act, shall be commenced within one year after the cause of such action shall accrue.[6]

Thus, the original [and, until the 1979 revision, typical] wrongful death statute promulgated two species of limitations: one, a time condition which qualified the right of the party entitled to sue to maintain the action—and so, a special statute of limitations—and the other merely a measure of the plenary life of the cause of action—and so a general statute of limitations.

*Barker* draws the distinction between the two species of limitations provisions and

been employed in numerous cases, many of them cited in *Rotella v. Joseph*, 615 S.W.2d 616, 619[11] (Mo.App.1981); see also *Forehand v. Hall*, 355 S.W.2d 940 (Mo.1962) which also cites—without cavil—the *Cytron* rule of substitution by amendment of a *necessary* party after the lapse of limitations. The result in *Cytron*, of course, was a logical implementation of the premise of opinion: that the wrongful death limitation was merely a general statute of limitation—one of repose and went to the remedy only, not the right. The decisions have freely employed the result of *Cytron*, but without either attribution to that authority or contention with the pervasive premise of *Barker* that a suit by the party designated by the statute within the time designated by the statute was a substantive *condition precedent* to maintenance of the action.

**6.** Every successive amendment or reenactment of the original wrongful death statute—*except* the 1979 revision—follows this statutory structure of special periods of limitations encompassed within a plenary limitation. See *Cummins v. Kansas City Public Service Co.*, 334 Mo. 672, 66 S.W.2d 920 (banc 1933) and Laws of 1967, pp. 663–665.

The wrongful death statute in effect at the time of the Peace death on June 6, 1979, was the 1967 revision. The counterpart provisions to Sections 2 and 6 of the original year 1855 enactment recite:

[Section] 537.080. Action for wrongful death—who may sue.—

\* \* \* \* \* \*

(1) By the spouse or minor children, natural or adopted, of the deceased, either jointly or severally; provided, that in any such action the petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under this subdivision, and provided, further, that only one action may be brought under this subdivision against any one defendant; or

(2) If there be no spouse or minor children or if the spouse or minor children fail to sue within one year after such death, or if the deceased be a minor and unmarried, then by the father and mother, natural or adoptive, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor; or if the surviving parents are unable or decline or refuse to join in the suit, then either parent may bring and maintain the action in his or her name alone, for the use and benefit of both such parents; or

(3) If there be no husband, wife, minor child or minor children, natural born or adopted as herein indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased, and the amount recovered shall be distributed according to the laws of descent.

\* \* \* \* \* \*

[Section] 537.100. Limitation of action—effect of absence of defendant and nonsuit.—Every action instituted under section 537.080 shall be commenced within two years after the cause of action shall accrue . . . .

assigns to each the statutory construction that each imports [14 S.W. l.c. 281]:

> Our statute [§ 2 of the 1855 act] on this subject both gives the right of action and provides the remedy for the death . . . and where an action is brought, under the statute, it can only be maintained subject to the limitation and conditions imposed thereby . . . In the statute which creates the right of action, and in the same section in which the statutory right and remedy is thus conferred upon the husband or wife [the most favored suitor], it is further provided, by the second subdivision, as we have seen, that if there be no husband and wife, or he or she fails to sue within six months after the death, the right of action therefor shall be vested in the minor children of the deceased, if there be such. *This provision is not*, we think, *merely a limitation or bar to the remedy of the wife, but is a bar to the right itself*, if there are minor children, and the existence or non-existence of such minor children is to be held, we think, as of the substance of the right of the wife to sue after the six months have expired. The right of the husband or wife to sue is absolute for and during the six months after the death. Thereafter, it is within the year, as we think, a conditional right . . . *That this proviso or condition is something more than a mere limitation upon the remedy of the widow is*, we think, . . . *apparent.* [parenthetical comment and emphasis added]

The characteristics of § 6 of the 1855 act, contradistinctly from § 2, however, describe a general statute of limitations [14 S.W. l.c. 282]:

> Section 2125 [§ 2 of the 1855 act], above set out, is, we think, *a statute containing a limitation of time only, and applies to the remedy or enforcement of the rights conferred by the damage act. Its existence as a bar depends not upon the existence of any party, or upon anything else besides the mere lapse of the period of time designated.* [parenthetical comment and emphasis added]

The propagated doctrine of *Barker* that a special statute of limitations—of the ilk contained in the wrongful death statutes [until 1979]—bars not only the remedy but also the right so as to become a substantive attribute of the cause of action acknowledges also that a general statute of limitations—which counts time only and does not otherwise condition the cause of action, bars the remedy only and not the right.

That is precisely the nature of the statute of limitations the new 1979 wrongful death statute enacts: [7]

> Section 537.080. Action for wrongful death—who may sue
>
> Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstances which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for

---

7. On August 6, 1979, the Missouri General Assembly enacted a new wrongful death statute in five sections which replaced the numbered sections of the predecessor law. The enactment, we may assume, was—as in the past [see *State ex rel. Slibowski v. Kimberlin*, 504 S.W.2d 237, 239[2] (Mo.App.1973)—a response to the supplications of judicial opinions for legislative corrections of certain inequities in the operation of the predecessor law. See *Crane v. Riehn*, 568 S.W.2d 525 (Mo. banc 1978) and dissent of Bardgett, J.; *Kausch v. Bishop*, 568 S.W.2d 532 (Mo. banc 1978); dissent of Bardgett, J. and concurrence in dissent of Seiler, J. The strictures and uncertainty as to the sense of the scheme described by § 537.080 of the 1967 act [§ 2 of the 1855 act] construed by *Barker* and successive opinions to intend "inherent" or "special" or "time limits within themselves" limitations [See, among others, *State ex rel. Kansas City Stock Yards Co. v. Clark*, 536 S.W.2d 142 (Mo. banc 1976); *Cannada v. Moore*, 578 S.W.2d 597 (Mo. banc 1979) ], also palpably promoted that comprehensive enterprise. See also 48 U.M.K.C.L. Rev. 680 (1980); Missouri's New Wrongful Death Statute—Highlights of Some Significant Changes, 45 Mo.L.R. 476 (1980); Mo.Bar CLE, Tort Law Vol. II, Wrongful Death Chapter 22 (1980).

(1) *By the spouse or children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;*

(2) *If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death;*

(3) *If there be no person in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem. Such plaintiff ad litem . . . .*

\*　　\*　　\*　　\*　　\*　　\*

Section 537.100. Limitations of action—effect of absence of defendant and nonsuit

Every action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue . . . . [emphasis added]

The new act discards altogether the *limitation within limitations* structure of all previous wrongful death statutes and the related condition that the entitled class of suitor appropriate the cause of action within the designated time or default the right to a successor class—which rendered those provisions of the previous enactments special statutes of limitations in bar of not only the remedy, but also the substantive right of action. The new act [§ 537.080, RSMo Supp.1979] makes no provision that the cause of action passes to a lesser class of suitor when a more favored class neglects to appropriate the right. *It makes no provision at all for suit by a less favored class when a more favored class is in being* at the time of the death. The new act, rather, vests the cause of action *without condition* in the most favored class in being [in this case, the writ plaintiffs—the spouse, children and parent of the decedent Peace] *and exclusively for the full period of limitations* —three years. Thus, § 537.100, RSMo Supp.1979, merely counts time. Its operation as a bar depends upon nothing else

than the mere passage of time—the mark of a general statute of limitations. *Barker,* supra, 14 S.W. l.c. 282.

A general statute of limitations reposes the remedy only and not the right. It is procedural and not substantive. A statute which affects only procedure or remedy applies to all actions which fall within its terms, whether commenced before or after the enactment, unless the statute expresses a contrary intention [*Wentz v. Price Candy Co.,* 352 Mo. 1, 175 S.W.2d 852, 853[3] (1943); *Rabin v. Krogsdale,* 346 S.W.2d 58, 60[3] (Mo.1961)] or retrospective application will impair a substantive right vested by the prior statute [*Darrah v. Foster,* 355 S.W.2d 24, 30[4] (Mo.1962)]. The redesign of the wrongful death act was to redress, among other inadequacies, the uncertainty the *limitation within limitations* proviso engendered as to who was entitled to bring the cause of action, and when. The new law makes the prescription simple: it vests the cause of action without condition in one preclusive class of suitors for the entire three-year period. Thus shorn of conditions, it manifests intention that the limitations component function on the remedy only as a procedural statute—with the effect that the enlarged period of limitations apply to all actions within its terms, whether commenced before or after enactment.

The question remains whether the terms of repealed § 537.080, RSMo 1969 [extant at the time of the death] that the spouse or children sue within one year of the event, vests a substantive right in a litigant which may not be impaired by the retrospective operation of later § 537.100— and so deprives the then existent cause of action of the spouse and children of the enlarged limitations period new § 537.100 enacts. The dominant doctrine construed the several limitations provisions characteristic of all predecessor wrongful death statutes as more than merely technical bars to the remedy, but rather conditions attendant

to the right to sue, and so substantive components of the cause of action. *Barker, supra*, 14 S.W. l.c. 281; *Chandler v. Chicago & Alton Ry. Co.*, 251 Mo. 592, 158 S.W. 35, 37[3] (1913); *Crenshaw v. Great Central Insurance Company*, 527 S.W.2d 1, 4[2–7] (Mo.App.1975), and *Briggs v. Cohen*, 603 S.W.2d 20, 22[3–5] (Mo.App.1980), among others. The operation of that doctrine, however, assumes a right of limitations already vested and so not subject to divestment by the enactment of a subsequent law. A person owns no vested right in a statute of limitations until the prescribed term has run. *Wentz v. Price Candy Co.*, 352 Mo. 1, 175 S.W.2d 852, 853[1–3] (1943); *Hartvedt v. Maurer*, 359 Mo. 16, 220 S.W.2d 55, 58[3] (1940); *Rabin v. Krogsdale*, 346 S.W.2d 58, 60[3] (Mo.1961); *Darrah v. Foster*, 355 S.W.2d 24, 29 (Mo.1962). The precedents establish only that a statute which enlarges limitations may not revive a cause of action for wrongful death already expired by limitations. *Uber v. Missouri Pacific Railroad Company*, 441 S.W.2d 682, 686 (Mo.1969); *Wentz v. Price Candy Co.*, 352 Mo. 1, 175 S.W.2d 852, 853[1–3] (Mo. 1943). The precedents under the predecessor wrongful death statutes which give effect to the principle that the period of limitations conditioned the very cause of action, and so was a matter of substantive right to bar recovery—*each, without exception dealt with limitations already expired and, so, vested. Barker*, supra; *Chandler v. Chicago & Alton Ry. Co.*, 251 Mo. 592, 158 S.W. 35 (1913); *Baysinger v. Hanser*, 355 Mo. 1042, 199 S.W.2d 644 (1947); *Crenshaw v. Great Central Insurance Company*, 527 S.W.2d 1 (Mo.App.1975); *State ex rel. Kansas City Stockyards Company of Maine v. Clark*, 536 S.W.2d 142 (Mo. banc 1976); *Crane v. Riehn*, 568 S.W.2d 525 (Mo. banc 1978), among the numerous others.

■ *Clark v. Kansas City, St. L. & C. R. Co.*, 219 Mo. 524, 118 S.W. 40 (1909) bears as a precedent by close analogy. The parents of a minor son killed on July 21, 1904 brought a timely suit within the year on September 20, 1904. The action was removed to the federal court and suffered a nonsuit in August of 1905. In April of 1905, however, while the cause pended and the cause of action was existent, the legislature repealed the one year statute of limitation and enacted a new statute which reimposed that period of limitation but added a proviso that [l.c. 42]:

> "if any action shall have been commenced within the time prescribed in this section, and the plaintiff therein suffer a nonsuit ... such plaintiff may commence a new action, from time to time, within one year after such nonsuit suffered ...."

Thereafter, on September 11, 1905, the parents refiled the action in the state court. The defendant there contended as do the defendants Research Medical Center and others here: that the lapse of more than one year after the death on July 21, 1904, barred the right of action as well as the remedy under the limitations extant when the cause accrued. The court responded with a statement of principles since become embedded in our jurisprudence [per Lamm, J., l.c. 43]:

> It cannot be held that the section in hand is violative of section 15, art. 2, of the Const. prohibiting the passing of laws retrospective in their operation. This because *the retrospective laws forbidden by the instrument are laws impairing existing vested civil rights ... There is no vested right in a particular mode of procedure ...* Laws merely affecting civil remedies and modes of procedure are not within the constitutional interdiction.

> \*    \*    \*    \*    \*    \*

> "Where statutory relief is prescribed for a cause which is continuous in its nature, as a statute of limitations, ... if the cause continues after the statute goes into effect, the future continuance of the cause may be supplemented by the time it was continuous immediately before the act was passed to constitute the statutory period. *No person can claim a vested right in any particular mode of procedure for the enforcement or defense of his rights. Where a new statute deals with*

*procedure only, prima facie it applies to all actions—those which have accrued or are pending and future actions."*

\*    \*    \*    \*    \*    \*

"[S]tatutes pertaining to the remedy— i.e., such as relate to the course and form of proceedings for the enforcement of a right, but do not affect the substance of the judgment pronounced, and neither directly nor indirectly destroy all remedy whatever for the enforcement of the right—are retrospective, so as to apply to causes of action subsisting at the date of their passage . . . [A]n act dealing with procedure only applies, unless the contrary intention is expressed, to all actions falling within its terms, whether commenced before or after the enactment." The doctrine thus announced seems well-bedded in principle. We think it applies to the statute in hand, which in its essence is purely a remedial one; hence no presumption lies that it was intended to operate prospectively only. [emphasis added]

*Clark* was followed in *Mason v. Kansas City Belt Ry. Co.*, 226 Mo. 212, 125 S.W. 1128 (1910) on an almost identical state of facts. The numerous declarations of principle are now almost commonplace recitals in our subsequent opinions. See among others *Wentz v. Price Candy Co.*, 352 Mo. 1, 175 S.W.2d 852, 854 (1943); *Frazee v. Partney*, 314 S.W.2d 915, 918 (Mo.1958); *Clarke v. Organ*, 329 S.W.2d 670, 678 (Mo. banc 1959); *State ex rel. St. Louis-San Francisco Ry. Co. v. Buder*, 515 S.W.2d 409, 410[1] (Mo. banc 1974); *Crane v. Riehn*, 568 S.W.2d 525, 528[3] (Mo. banc 1978).

Thus, the rationale of Clark rests on the postulate we also propound—that the statute of limitations in the wrongful death enactments [prior to 1979] remained only procedural while the cause of action remained in being [either as a suit commenced or merely as an accrued cause of action] and vested as a component of the substantive right only after limitations ran its course and the right to the action expired. On this principle, the enactment which extends the time to sue—whether [as in our case] by an enlarged period of limitations or [as in *Clark*] by the renewal of suit after nonsuit—relates to procedure and applies retroactively to an existent cause of action.

Thus, no right was vested in the defendant Research Medical Center and others from an elapsed period of limitation under § 537.080 in effect at the time of the Peace death. The right to enforce the claim for death remained existent and vital in the spouse and children: the special limitation period of then § 537.080 had not run its one-year course at the time the legislature extended the period for suit to three years. The conditional right of the father to enforce the claim for death within two years on default of the more favored spouse and children also had not run its course. There was no impediment to the retroactive operation of new § 537.100 to extend the cause of action of the spouse, children and father [now the most favored class] to a life of three years. The amended petition before the defendant circuit judge states a cause of action under the 1979 wrongful death enactment.

The alternative writ of mandamus is quashed.

All concur.