**Robert Hugh FOREMAN, Respondent,**

**v.**

**SHELTER INSURANCE COMPANY, Appellant.**

**No. WD 36684.**

Missouri Court of Appeals, Western District.

Jan. 7, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 4, 1986.

Application to Transfer Denied April 15, 1986.

Hollis H. Hanover, Popham, Conway, Sweeny, Fremont & Bundschu, P.C., Kansas City, for appellant.

Dan Hale, St. Joseph, for respondent.

Before TURNAGE, DIXON and LOWENSTEIN, JJ.

DIXON, Judge.

This action arises from a claim for worker's compensation made by plaintiff Robert Foreman against his employer, defendant Shelter Insurance Company. Shelter appeals from the trial court's judgment favoring Foreman. The issues on appeal are whether Foreman's claim is barred under the applicable statute of limitations and whether Foreman's injury occurred in the course of his employment.

Foreman is an insurance adjuster who handles claims in a 2½ county area in northwestern Missouri for Shelter. Two days a week Foreman works in an office in St. Joseph, Missouri. The rest of the time he works out of his home. Although Foreman frequently receives business calls at home, he does not list his home phone number on his business card, nor does Shelter pay any part of Foreman's monthly bill for regular phone service. Because of their own working hours, many of Foreman's customers call him early in the morning and late in the evening.

On January 16, 1980, Foreman was taking a shower in his basement when the telephone rang. It was approximately 7 a.m. and Foreman assumed the call would be from a customer. He stepped out of the shower to answer the phone and slipped and fell, hitting his head on the concrete floor. The caller turned out to be Foreman's young grandson. Foreman subsequently suffered episodes of dizziness and nausea, some loss of hearing and some loss

of taste and smell. He filed his claim for worker's compensation in November, 1981.

The Administrative Law Judge found the claim to be untimely filed and barred by the statute of limitations. The Labor and Industrial Relations Commission, on appeal, found the claim to be timely, but not compensable because it found the injury did not arise out of and in the course of Foreman's employment. The trial court, on appeal from the Labor and Industrial Relations Commission, found both issues in favor of Foreman.

Because the statute of limitations question is dispositive, it is unnecessary to determine whether Foreman's injury was incurred in the course of his employment.

Foreman was injured in January of 1980. Section 287.430, RSMo 1978 is the statute of limitations governing worker's compensation claims and at the time of Foreman's injury, the statute read:

No proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within *one year* after the injury or death, or in case payments have been made on account of the injury or death, within one year from the date of the last payment, or in cases where the employee has filed the notice required by section 287.420, the claim may be filed within one year after the filing by the employer of the report of injury or death as required by section 287.380. The filing of any form, report, receipt, or agreement, other than a claim for compensation, shall not toll the running of the one year period provided in this section. In all other respects the limitations shall be governed by the law of civil actions other than for the recovery of real property, but the appointment of a guardian shall be deemed the termination of legal disability from minority or insanity.

Effective August 13, 1980, the above statute was amended and two changes relative to this case were made. As amended, the section reads in pertinent part:

No proceedings for compensation under this chapter shall be maintained un-

less a claim therefor is filed with the division *within two years* after the date of injury or death, ... *The statute of limitations contained in this section is one of extinction and not of repose.* § 287.430, RSMo Supp.1984 (Emphasis added).

Foreman filed his claim in November, 1981. If the statute of limitations in effect at the time of the injury controls, his claim is barred because the claim was filed more than one year after the accident. If the statute as amended controls the time of filing, Foreman's claim is timely since it was filed within two years of the accident.

The facts and circumstances in this case are remarkably similar to those in *Wentz v. Price Candy Co.*, 352 Mo. 1, 175 S.W.2d 852 (1943), and it is that case which governs the proper resolution of the case at bar.

*Wentz,* also a worker's compensation case, involved a plaintiff who was injured at a time when the applicable statute, one similar to § 287.430, RSMo 1978, required claims to be filed within six months from the date of injury. During that six months, the statute was amended and the six month filing deadline was extended to one year. Plaintiff filed her claim within one year of her injury but after six months. In deciding whether the filing was timely, the *Wentz* court had to determine whether the statute of limitations operated on the right to compensation or merely on the remedy. The court stated:

A statute which affects only the remedy may properly apply to a cause of action which has already accrued and is existing at the time the statute is enacted. Ordinary statutes of limitation are held to affect the remedy only. The principle is well settled that the period of limitation prescribed by such statutes may be enlarged and become applicable to existing causes of action, but an enlargement of the period of limitation may not revive a cause of action which has been barred under the limitation as it previously existed. Annotation, 46 A.L.R. 1101. It is the rule in this State

that a statute dealing only with procedure or the remedy applies, unless the contrary intention is expressed, to all actions falling within its terms whether commenced before or after the enactment. *Clark v. Kansas City, St. L. & C.P. Co.*, 219 Mo. 524, 118 S.W. 40; *Aetna Ins. Co. v. O'Malley*, 342 Mo. 800, 118 S.W.2d 3.

*Wentz*, 352 Mo. at 4, 175 S.W.2d at 854. The *Wentz* court went on to discuss the alternative type of statute of limitation.

The limitation imposed in a certain class of statutes has been held to operate on the right rather than on the remedy. Courts have distinguished between ordinary statutes of limitation and statutes creating a right with a special limitation appended to the exercise of the right on the ground the special limitation extinguishes the right rather than extinguishing the remedy. "A wide distinction exists between statutes providing for a limitation upon the remedy, and special statutory limitations enacted in qualification of a given right * * * The second class of statutes are more [than mere limitations on the remedy], for they create a right of action conditioned upon its enforcement within a prescribed period, the theory being that the lawmaking body which has the power to create the right may affix the conditions under which it is to be enforced, so that a compliance with those conditions is essential. In other words, where time is made the essence of the right created, the limitation is an inherent part of the statute out of which the particular right arises, so that there is no right of action whatsoever independent of the limitation, and a lapse of the statutory period operates to extinguish the right altogether. 37 C.J. 686." *Schrabauer v. Schneider Engraving Product*, 224 Mo.App. 304, 25 S.W.2d 529, 532. And see the discussion in *Barker v. Hannibal & St. Joseph R. Co.*, 91 Mo. 86, 14 S.W. 280.

. . . .

The intention of the legislature should be the guide in determining whether a statute extinguishes the right or merely the remedy. The plain language of a statute must of course be heeded in its expression of the legislative intention. Yet courts should exercise restraint in declaring a construction that the very right itself is extinguished by the lapse of time unless such is the plain statutory intent.

*Wentz*, 352 Mo. at 4–5, 175 S.W.2d at 854.

■ *Wentz* makes it clear that it is the plain language of the statute which must be examined to determine legislative intent and it is the intent of the legislature which must be heeded in construing the meaning of the statute. If the only change in § 287.430 effected by the 1980 amendment had been the enlargement of time for filing, *Wentz* would mandate that Foreman be given the benefit of the extension. However the last sentence of § 287.430, as amended, must also be given effect. That sentence declares the legislative intent to make the statute one which extinguishes the right. It is presumed that the legislature was aware of the courts' interpretation of the existing statute when it amended the statute. *Kilbane v. Director of Department of Revenue*, 544 S.W.2d 9, 11 (Mo. banc 1976). The change made by the legislature indicates their intention to change the construction of the statute which *Wentz* held was one of repose. The statute as it currently reads, defining itself as a statute of extinction, must have been intended by the legislature to extinguish not only the remedy but also the statutorily given right after a period of two years. It is, therefore, not merely procedural as a statute of limitations ordinarily is, but is substantive as declaring the time period a condition upon the existence of the right. *Wentz*, 352 Mo. 4, 175 S.W.2d at 854.

■ The Labor and Industrial Relations Commission ruled that the change in the amended statute was inconsequential in this case since Foreman's claim originated under the earlier statute which made no mention of extinction or repose. However, the Commission fails to take note of the substantive nature of § 287.430, as amend-

ed. Because the statute regulates the right itself, the statute is a substantive one. "Statutes affecting substantive rights are not to be construed retrospectively in the absence of clearly expressed legislative intent." *Center School District No. 58 v. Kenton,* 345 S.W.2d 120, 127 (Mo.1961). The legislature expresses no such intent in its amendment of § 287.430.

Foreman's claim is barred, and the cause is remanded to the circuit court with directions to remand to the commission with directions to reinstate the finding of the administrative law judge.

All concur.