**Loren NEWBOUND, Appellant,**

v.

**KINGSFORD CHARCOAL CO., Respondent.**

**No. WD 42003.**

Missouri Court of Appeals,
Western District.

April 3, 1990.

James F. Koester and James J. Logan, St. Louis, for appellant.

Kelly Pool, Hendren and Andrae, Jefferson City, for respondent.

Before BERREY, P.J., and TURNAGE and ULRICH, JJ.

ULRICH, Judge.

Loren Newbound, a former employee of Kingsford Charcoal Co., appeals from a final award denying compensation issued by the Labor and Industrial Relations Commission. The final award is affirmed.

In April of 1981, Mr. Newbound was employed as a laborer by Kingsford Charcoal Co. (Kingsford). Mr. Newbound's duties included general maintenance work. While using a twenty-foot rake to clean under a dryer, he experienced sharp pain in his back and fell to the ground. Assisted to an ambulance, he was transported to an emergency room for treatment. Mr. Newbound missed approximately two weeks of work. He was treated by his family physician for pain in the mid-back and lumbar regions. No claim for compensation was filed at this time, nor was any payment for medical care or temporary or total disability paid to Mr. Newbound by Kingsford or its insurer. Mr. Newbound continued to work for Kingsford.

Mr. Newbound's back pain never completely subsided. In September of 1986, he was admitted to Charles E. Still Hospital for a myelogram. In November of 1986, at the request of Kingsford and its insurer, Dr. David Scheer examined Mr. Newbound and concluded that his work need not be restricted. Dr. Scheer also prescribed an exercise program to relieve Mr. Newbound's back pain. Mr. Newbound was laid off by Kingsford in early December 1986. Dr. Scheer examined Mr. Newbound a final time in June of 1988 and concluded that Mr. Newbound's back was not permanently injured.

Mr. Newbound filed a claim for compensation with the Division of Workers Compensation on December 11, 1986, over five years after his back was injured. A hearing was held before an administrative judge on January 6, 1989, in Jefferson City, Missouri. The judge ruled on March 3, 1989, that the action by Mr. Newbound was not timely filed, and compensation was denied. The Labor and Industrial Relations Commission affirmed the administrative law judge's decision May 14, 1989.

Mr. Newbound contends, as the sole issue on appeal, that his claim was filed within the time limit prescribed, and, therefore, the commission erred in denying his claim on the ground that it was not timely filed. Section 287.430, RSMo Supp.1980, prescribes the time limitation for initiating compensation proceedings and was in effect on the date Mr. Newbound was injured. *See Foreman v. Shelter Ins. Co.,* 706 S.W.2d 227 (Mo.App.1986). Section 287.430 reads:

**Limitation as to action—exception.—** No proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within two years after the date of injury or death, or in cases where the employee has filed the notice required by section 287.420, the claim must be filed within two years from the date of receipt by the division of the filing by the employer of the report of injury or death as required by section 287.380, and in those cases where the employer has not complied with the provisions of section 287.380, a claim, other than in occupational disease cases, may be filed by an employee up to but not exceeding a period of three years from the date of injury; provided, that in no event may proceedings for compensa-

tion under this chapter be filed more than five years after the injury or death. The filing of a proceeding for compensation under this chapter must be filed on the proper forms as required and provided by the division. The filing of any form, report, receipt, or agreement, other than a claim for compensation, shall not toll the running of the periods provided in this section; except, that the filing of a claim for compensation may toll the running of the two-year or three-year period for up to five years. In all other respects the limitations shall be governed by the law of civil actions other than for the recovery of real property, but the appointment of a guardian shall be deemed the termination of legal disability from minority or incompetency. The statute of limitation contained in this section is one of extinction and not of repose.

The limitation on initiating a worker's compensation action provided by this statute was discussed thoroughly by this court in *Foreman,* 706 S.W.2d 227. In that case, the court considered the statute's final sentence: "The statute of limitation contained in this section is one of extinction and not repose." It held that this sentence means the right to a worker's compensation proceeding extinguishes with the passage of the time limitation for filing a claim. Section 287.430 creates a right which is vitally linked with the time limitation it prescribes. "[W]here time is made the essence of the right created, the limitation is an inherent part of the statute out of which the particular right arises, so that there is no right to action whatsoever independent of the limitation, and a lapse of the statutory period operates to extinguish the right altogether." *Id.* at 229 (quoting *Schrabauer v. Schneider Engraving Product, Inc.,* 224 Mo.App. 304, 25 S.W.2d 529, 532 (1930)). Mr. Newbound filed his claim beyond the three-year time limitation prescribed in the statute, and he, therefore, has no right under the statute.

Mr. Newbound attempts to circumvent the bar to recovery by arguing that Kingsford's payment for his examination by a doctor in 1986—five years after his injury—constitutes a payment on account of the injury, reviving his cause of action, and the statute of limitation for initiating his claim should run from this point. Whether a payment on account of the injury has been made is not considered because the time limitation of § 287.430 is one of extinction and not repose. It cannot be revived. Kingsford's payment for a doctor's examination cannot revive Mr. Newbound's right to file for compensation.

The final award denying compensation to Mr. Newbound is affirmed.

All concur.