**Alice Faye LOARD, Plaintiff–Appellant,**

v.

**TRI–STATE MOTOR TRANSIT, Defendant–Employer,**

**and**

**Second Injury Fund, Defendant–Respondent.**

No. 17288.

Missouri Court of Appeals, Southern District, Division Two.

June 19, 1991.

Motion for Rehearing or Transfer to Supreme Court Denied July 12, 1991.

Application to Transfer Denied Sept. 10, 1991.

Thomas J. Casey, Casey & Meyerkord, St. Louis, for plaintiff-appellant.

Michael A. Gross, Forriss D. Elliott, St. Louis, for defendant-respondent.

PARRISH, Presiding Judge.

Alice Faye Loard appeals from a final award of the Labor and Industrial Relations Commission (the commission) denying compensation. § 287.495, RSMo 1986. The award denying compensation is reversed and the case remanded.

Appellant sustained a work-related injury August 14, 1980, while an employee of Tri–State Motor Transit Company (Tri–State). Per stipulation made before the administrative law judge, Tri–State was appellant's employer and was subject to the Workers' Compensation Law.

Appellant received payments for temporary total disability and for medical expenses from September 25, 1980, through October 23, 1987. She filed a claim for compensation November 9, 1987. The administrative law judge entered an award in favor of appellant against the Second Injury Fund in the amount of $150 per week for the duration of appellant's life. Following review, the commission reversed the award of the administrative law judge and entered its final award denying the claim based upon a determination that the claim was not filed within two years from the date appellant sustained her injury. § 287.430, 1980 Mo.Laws.

Section 287.430, 1980 Mo.Laws, states, in pertinent part:

No proceedings for compensation under this chapter shall be maintained *unless a claim therefor is filed with the division within two years after the date of injury or death,* .... *The statute of limitation contained in this section is one of extinction and not of repose.* (Emphasis added.)

This statute became effective August 13, 1980, one day before appellant was injured.

Section 287.430 was amended in 1981. The effective date of the 1981 amendment was September 28, 1981. The part of the 1981 amendment that is applicable to the facts of this case provided that the two-year period of limitation ran from the date of the injury or the date of the last payment made under the Workers' Compensation Law. In pertinent part, § 287.430, 1981 Mo.Laws, states:

No proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within two years after the date of injury or death, or the *last payment made under this chapter on account of the injury* or death; .... The statute of limitations contained in this section is one of extinction and not of repose. (Emphasis added.)

Prior to the 1980 law, § 287.430, RSMo 1978, contained a provision similar to the one added by the 1981 amendment regarding cases in which payments had been made, prior to the filing of a claim, "on account of the injury." That provision of § 287.430, RSMo 1978, states as follows:

No proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within one year after the injury or death, or *in case payments have been made on account of the injury or death, within one year from the date of the last payment,* .... (Emphasis added.)

A predecessor to § 287.430, RSMo 1978,— § 3727, RSMo 1939—was construed in *Wentz v. Price Candy Co.,* 352 Mo. 1, 175 S.W.2d 852, 855 (1943), "to be one of limitation and repose, affecting the remedy only." That construction permitted a claim, otherwise barred by a period of limi-

tation in effect at the time of the injury, to be filed after a subsequent amendment had established a longer period of limitation. Since the claim was filed within the time permitted by the "new" statute, it was determined to have been timely filed. 175 S.W.2d at 857. The Supreme Court concluded in *Wentz* that the provision of § 3727, RSMo 1939, was one of repose and could be applied retroactively to claims that had not lapsed at the time the amendment became effective.

The 1980 statute, by its own terms, provided that it was a statute "of extinction and not of repose." § 287.430, 1980 Mo. Laws. In *Foreman v. Shelter Ins. Co.,* 706 S.W.2d 227, 229–30 (Mo.App.1986), the court held that this declaration changed the statute's construction from what it was in prior years. The change in the statute of limitation that was made by the 1980 law was substantive, not procedural. The result was that the one-year period of limitation that was in effect at the time Foreman was injured applied, not the two-year period of limitation established by the 1980 law. Since the 1980 law was deemed substantive, it could not be applied retroactively.

Relying upon *Foreman v. Shelter Ins. Co., supra,* the commission found that the law applicable to appellant's claim was § 287.430, 1980 Mo.Laws—the statute that became effective August 13, 1980, the day before appellant was injured. Since appellant's claim was filed more than two years following the date of the injury, the commission held that it was barred by the period of limitation prescribed by the 1980 law and, therefore, denied compensation.

Appellant contends that the commission's determination that her claim was not timely filed is erroneous. She argues that the provision added by amendment in 1981—the provision that tolls the period of limitation when payments are made under chapter 287 on account of the injury—applies in her case. Appellant points to the fact that the period of limitation prescribed by the 1980 law, the law in effect at the time of the injury, had not run at the time the 1981 amendment became effective. She argues

that the tolling provision in the 1981 law is procedural and applies retroactively to claims, such as hers, that were not otherwise barred when the amendment became effective. Since appellant continued to receive payments for medical expenses through October 23, 1987, and filed her claim for compensation November 9, 1987, she contends that her claim was filed within the applicable period of limitations.

Respondent argues that the commission's denial of compensation should be affirmed. Respondent's brief summarizes its argument as follows:

> It is unreasonable to suggest, as Loard does, that the 1981 amendment of Section 287.430 "deals with procedure only." [Citation to appellant's brief omitted.] The discussion in the *Foreman* opinion is directed precisely at whether Section 287.430 was intended to be procedural or substantive, and decides just as precisely that the measure defines the parameters of a substantive right. *Foreman v. Shelter Insurance Company, supra,* 706 S.W.2d at 229–30.

*Foreman v. Shelter Ins. Co., supra,* construes the 1980 statute with respect to how the statute affected claims for injuries that occurred before it took effect but were filed after it became effective. The case does not address how the 1981 amendment affected claims that arose while the 1980 law was in effect but were not filed until after the 1981 law took effect. Respondent's argument likewise fails to discuss the content of the 1981 amendment. Rather, respondent summarily concludes that the contention that the tolling provision added by the 1981 law applies to appellant's case is unreasonable. This court does not so find.

In construing the 1981 statute, this court recognizes that its review is governed by established guidelines:

> When interpreting statutes, the primary object is to ascertain intent of the legislature from the language used and to give effect to that intent. [Citation omitted.] In doing so, words used are considered in their plain and ordinary meaning. [Citation omitted.]

*State ex rel. Degeere v. Appelquist,* 748 S.W.2d 855, 857 (Mo.App.1988). It must also be recognized that since the particular statute being construed, § 287.430, 1981 Mo.Laws, is part of the Workers' Compensation Law, it is to be construed with a view toward satisfying the fundamental purpose of placing upon industry the losses of their employees that arise from work-related accidents. *See Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781, 783 (Mo. banc 1983). "Any doubt as to the right of an employee should be resolved in favor of the injured employee." *Id., citing Greer v. Dept. of Liquor Control,* 592 S.W.2d 188, 193 (Mo.App.1979).

The 1980 law was in effect when appellant was injured—August 14, 1980. Appellant received payments under the Workers' Compensation Law from September 25, 1980, through October 23, 1987. Those payments were made on account of the injury she had sustained. The 1981 law became effective during the interval in which payments were being made on account of the injury—on September 28, 1981. At the time the 1981 law became effective, appellant's claim was not barred by the period of limitation that was established by the 1980 law—the two year statute of limitation. When appellant filed her claim on November 9, 1987, seventeen days after the last payment had been made on account of the injury, more than two years had passed since the injury occurred. If the tolling provision added by the 1981 law does not apply, appellant's claim was barred. If the tolling provision applies, the claim was timely filed.

■ A statute dealing only with procedure or remedy may constitutionally apply to causes of action existing at the time it was enacted. *State ex rel. Clay Equip. Corp. v. Jensen,* 363 S.W.2d 666, 669 (Mo. banc 1963). *See also Starks v. S.E. Rykoff & Co.,* 673 F.2d 1106, 1109 (9th Cir.1982), *citing Chase Sec. Corp. v. Donaldson,* 325 U.S. 304, 311–13, 65 S.Ct. 1137, 1140–42, 89 L.Ed. 1628 (1945). Thus, the question to be resolved is whether the language of the statute, as amended in 1981, precludes the

tolling provision from applying or, if not, what the legislature intended.

■ In enacting the tolling provision in the 1981 law, the legislature left the two-year period of limitation that was adopted as part of the 1980 law unchanged. The legislature also left unchanged the declaration made in § 287.430, 1980 Mo.Laws, that the statute of limitation in that section is one of extinction and not one of repose. The 1981 law added the provision that a claim may be filed within two years after the date of "the last payment made under this chapter on account of the injury or death." § 287.430, 1981 Mo.Laws. That provision established a legal excuse for lifting the statute's prior absolute bar to a claim being filed more than two years after the date of injury or death. It did not change the two-year period of limitation that was established by the 1980 law. It established a legally acceptable excuse for not applying that period of limitation—that excuse being that payments were made by an employer or an insurer on account of the injury. As such, it affects the remedy, not the basis for the claim. Unless the provision added by the 1980 law that declared the statute to be one of extinction requires a different interpretation, the tolling provision added by the 1981 amendment is procedural. *See Harrelson v. Industrial Comm'n of Arizona*, 144 Ariz. 369, 697 P.2d 1119, 1122 (App.1984).

The 1980 statute that established the two-year period of limitation contained language proclaiming that statute of limitation to be "one of extinction and not of repose." By its own terms, that statute of limitation was substantive. *Foreman v. Shelter Ins. Co., supra.* That fact, however, does not dictate that a subsequent change within § 287.430 must also be substantive. A change is considered on its own merit in order to determine whether it is one of substance or one of procedure. *See Robinson v. Heath*, 633 S.W.2d 203, 205 (Mo.App.1982), *citing State ex rel. St. Louis–San Francisco Railway Co. v. Buder*, 515 S.W.2d 409, 410 (Mo. banc 1974).

This court notes, in assessing the intent of the legislature with respect to the 1981 amendment to § 287.430, that before the 1980 law became effective, § 287.430, RSMo 1978, contained a one-year period of limitation in which to file a claim for compensation under the Workers' Compensation Law (then known as the Workmen's Compensation Law). That statute further provided that the one-year period of limitation would be tolled when payments were made under chapter 287 on account of an injury—the same type of provision included in the 1981 amendment. The 1980 law increased the period of limitation from one year to two years and declared the new period of limitation to be a statute of extinction—a substantive law. In 1981, the two-year period of limitation was not changed. Rather, a tolling provision like the one that had existed prior to the effective date of the 1980 law was added. It is unlikely that the legislature intended to treat claimants whose injuries occurred between August 13, 1980, the effective date of the 1980 law, and September 28, 1981, the effective date of the 1981 law, differently. Before August 13, 1980, payments made on account of a covered injury tolled the one-year period of limitation. After September 28, 1981, payments made on account of a covered injury tolled the two-year period of limitation. At the time the 1981 law became effective, no claim covered by the two-year period of limitation had lapsed. If the tolling provision of the 1981 benefit is procedural, all claimants who had sustained injuries covered by chapter 287 and who had received payments on account of those injuries will be treated alike. Those whose injuries occurred immediately before the 1980 law was effective, after the last payment is made on account of their injuries, will have the period of limitation that was in effect at the time of their injuries in which to file their claims. Those whose injuries occurred during the time the 1980 law was in effect, after the last payment is made on account of their injuries, will have the period of limitation that was in effect at the time of their injuries in which to file their claims. The same is true as to those whose injuries occurred after the date the 1981 law became effective. On the other hand, if the tolling provision

of the 1981 law is substantive, claims to which it would otherwise apply that arose between August 13, 1980, and September 28, 1981,—the time when the 1980 law applied—would be treated differently from those whose claims arose either before the earlier date or after the late date. Nothing in the language of the 1981 law indicates that to have been the intention of the legislature.

Discerning no legislative intent to the contrary, and construing the 1981 change to § 287.430 with the view that the fundamental purpose of the Workers' Compensation Law is to place upon industry losses its employees experience in work-related accidents and recognizing that doubts relative to the right of employees should be resolved in favor of the injured employee, this court holds that the tolling provision as set forth in § 287.430, as amended in 1981, is procedural and is applicable to this case.[1] *Wolfgeher v. Wagner Cartage Service, supra; Greer v. Dept. of Liquor Control, supra.*

The statute of limitations had not run on appellant's claim on September 28, 1981, the effective date of the 1981 law. Appellant's medical expenses and temporary total disability payments were paid on account of her injury. Those expenses continued to be paid through October 23, 1987. Appellant's claim filed November 9, 1987, was therefore filed within two years after the last payment was made on account of the injury. Under those circumstances, appellant's claim was not barred. The facts as found by the commission do not support its determination that the statute of limitation applicable to this case had run. The decision of the commission is reversed and the case remanded with directions that the commission enter a final determination based on the merits.

FLANIGAN, C.J., and SHRUM, J., concur.

---

1. In *Newbound v. Kingsford Charcoal Co.,* 786 S.W.2d 226 (Mo.App.1990), the western district of this court, following *Foreman v. Shelter Ins. Co.,* 706 S.W.2d 227 (Mo.App.1986), held that a claim filed beyond the period of limitation prescribed by § 287.430, 1980 Mo.Laws, could not be revived. In *Newbound* no claim was filed for more than five years after the injury. The injury occurred in April 1981. The claim was filed December 11, 1986. There had been no payments for medical care or temporary or total disability. In November 1986, the employee was examined by a physician at the request of the employer and its insurer. The employee (the claimant) argued that the payment for the 1986 examination constituted a payment on account of the injury and, therefore, revived the claim. Claimant asserted that the period of limitation should run from that point. The court concluded that since § 287.430, 1980 Mo. Laws, is a statute of extinction, the claim could not be revived and was barred. The facts in this case differ significantly from those in *Newbound.* However, to the extent that the holding in this case might be considered contrary to any language or pronouncement in *Newbound* with respect to § 287.430, 1981 Mo.Laws, we decline, with respect to the facts of this case, to follow that language or pronouncement.