**Sharlene BROWN and Kevin Clark Brown, Respondents,**

v.

**OZARK CHRISTIAN SCHOOLS OF NEOSHO, Appellant.**

No. 18346.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 5, 1993.

Motion for Rehearing and Transfer
Denied Jan. 26, 1993.

Application to Transfer Denied
March 23, 1993.

Ronald G. Sparlin, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for appellant.

W. Stephen Nixon, Ahmann, Stewart & Nixon, P.C., Independence, for respondents.

CROW, Presiding Judge.

Ozark Christian Schools of Neosho ("Employer") appeals from an award by the Labor and Industrial Relations Commission ("Commission") of benefits under The Workers' Compensation Law, chapter 287, RSMo 1986, as amended, for the death of Phillip Clark Brown ("Employee"), killed by accident September 13, 1985. The sole issue is whether the claim is barred by § 287.430, RSMo Cum.Supp.1983,[1] which reads, in pertinent part:

No proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed ... within two years after the date of injury or death, or the last payment made under this chapter on account of the injury or death; provided, however, that if the report of the injury or the death is not filed by the employer as required by section 287.380, the claim for compensation may be filed within three years after the date of injury, death, or last payment made

under this chapter on account of the injury or death....

Our narrative of the facts is limited to those pertinent to this issue.

The fatality arose out of and in the course of Employee's employment by Employer. When the accident occurred, Employer was subject to The Workers' Compensation Law, but had not insured its liability with an insurance carrier and had not been approved as a self-insured employer. Employer never filed a report of Employee's death with the Division of Workers' Compensation ("Division").

Employee was survived by his wife, Sharlene Brown, and his son, Kevin Clark Brown (born September 20, 1976).

Employer contracted with a funeral home to pay the bill for Employee's funeral. Employer paid nothing to Employee's widow or son.

Employer made payments to the funeral home as follows: January 20, 1989, $200; May 11, 1989, $800; September 8, 1989, $800; January 4, 1990, $800.[2]

Employee's widow and son ("Claimants") filed a claim for workers' compensation benefits with the Division on July 25, 1990.

An administrative law judge ("ALJ") of the Division awarded "past due benefits" of a specific amount to Employee's widow and "past due benefits" in a like amount to Employee's son.[3] The ALJ also awarded Employee's widow "future compensation" in lump sum.

The ALJ held the widow's claim was not barred by § 287.430, RSMo Cum.Supp.1983 (quoted in pertinent part earlier). The ALJ determined Employer was obligated to pay

---

1. Section 287.430, RSMo Cum.Supp.1983, was carried forward unchanged in RSMo 1986. It has since been amended. Laws of Missouri 1992, H.B. 975.

2. Employer also paid the funeral home $715.01 on September 13, 1990; however, that payment is immaterial to this appeal, as it was made after the claim for compensation was filed.

3. Regarding the son's award, the ALJ held: "The [son's] claim ... is ... timely filed under Missouri law. Missouri law clearly does not begin

the running of the statute of limitations until a minor child reaches the age of majority unless a conservator has been appointed for the minor child thus ending the legal disability of minority. *Allen v. St. Louis–San Francisco Ry. Co.,* [338 Mo. 395], 90 S.W.2d 1050 (1935); *Hugelman v. Beltone Kansas City Hearing Service Co.,* 389 S.W.2d 220 (Mo.App.1965). There is no evidence of any conservator having been appointed for the minor child in this case. Consequently, his claim ... is timely." In this appeal, Employer does not challenge the son's award.

$2,000 of Employee's funeral expenses.[4] The ALJ ruled Employer's payments on Employee's funeral bill "tolled the statute [of limitations]" and the widow's claim "was validly filed within two years of the last payment on the funeral bill."

Employer filed an application for review with the Commission, averring the ALJ misinterpreted or misapplied § 287.430 and "erroneously held that the widow's claim is not barred by the statute of limitations."

The Commission affirmed the ALJ's award.

> *Employer's lone point relied on reads:*
> The ... Commission erred as a matter of law in finding that the statute of limitations had not run on ... Sharlene Brown's claim because payments made by [Employer] on [Employee's] funeral bill were not, for purposes of [§] 287.430, R.S.Mo., made under Chapter 287, R.S.Mo. and, therefore, did not ... toll the applicable statute of limitations.

Resolution of this point requires a study of the evolution of relevant statutory and case law.

In *Elsas v. Montgomery Elevator Co.,* 330 Mo. 596, 50 S.W.2d 130 (1932), a worker sustained a fatal on-the-job injury. His widow filed a claim for benefits under the "Workmen's Compensation Act" (as it was then called). One of the company's defenses was that the claim was barred by § 3337, RSMo 1929, which read, in pertinent part:

> No proceedings for compensation under this chapter shall be maintained unless a claim therefor be filed ... within six months after the injury or death, or in case payments have been made on account of the injury or death, within six months from the date of the last payment....

Another statute, § 3319, RSMo 1929, was pertinent to the timeliness issue. It read, in pertinent part:

> If the injury causes death ... the compensation therefor shall be as provided in this section.
>
> (a) ... the employer shall pay direct to the persons furnishing the same the reasonable expense of the burial of the deceased employe not exceeding one hundred and fifty dollars, and ... the reasonable expense of his last sickness not exceeding two hundred and fifty dollars....

The company's insurance carrier paid the medical and hospital bills for the worker's last illness. The widow filed her claim for compensation within six months after that payment, but more than six months after the worker's death. The company and its insurer argued the payment of the medical and hospital bills did not toll the statute of limitations because, according to them, the payment was not made under the Workmen's Compensation Act. The insurer's claim agent testified he handled the case "on the theory that it was a case involving common law negligence." 50 S.W.2d at 135.

The Supreme Court of Missouri held:

> The expense of "last sickness" ... [is] expressly referred to in the act as "compensation," and any such expense ... must have been "on account of the injury" to claimant's husband.... The commission properly concluded that under the plain terms of the act payment of these bills was a payment of compensation "made on account of the injury" to claimant's husband.
>
> .... Since the Compensation Act plainly states that in case of payment made "on account of the injury" a claim for compensation can be filed within six months from the date thereof, it will not be set at naught by what the insurer's claim agent thought as to whether liability was at common law or under the Compensation Act.

---

4. Section 287.240, RSMo Cum.Supp.1983, reads, in pertinent part:

    If the injury causes death ... the compensation therefor shall be as provided in this section:

    (1) ... the employer shall pay direct to the persons furnishing the same the reasonable expense of the burial of the deceased employee not exceeding two thousand dollars.

    . . . . .

50 S.W.2d at 134–35. The Supreme Court affirmed the Commission's award of benefits to the widow.

*Elsas* was followed in *McFall v. Barton–Mansfield Co.*, 333 Mo. 110, 61 S.W.2d 911 (1933), where the Supreme Court held a payment by the employer to the physician who treated the injured worker was a payment "on account of the injury" within the meaning of § 3337, RSMo 1929. Consequently, a claim for compensation filed within six months after the payment was timely. The Supreme Court rejected the employer's contention that the payment was under a contract between the employer and the physician and had no reference to the Workmen's Compensation Act. 61 S.W.2d at 914–15[5].

A similar result was reached in *Parker v. St. Louis Car Co.*, 145 S.W.2d 482 (Mo. App.1940), *overruled on other grounds*, *Wentz v. Price Candy Co.*, 352 Mo. 1, 175 S.W.2d 852, 856 (1943). In *Parker*, the employer argued payments to a physician who treated the injured worker were gratuitous and not made under the Workmen's Compensation Law. Citing *Elsas*, the *Parker* court held such payments constituted compensation, hence a claim by the worker filed within six months after the payments was timely. 145 S.W.2d at 485[4].

This Court applied the same rationale in *Skinner v. Dawson Metal Products*, 575 S.W.2d 935 (Mo.App.1978). By then, the six-month limitation in § 3337, RSMo 1929, had been lengthened to one year. § 287.-430, RSMo 1969. But for that, the pertinent part of § 3337 (quoted earlier) remained unchanged in § 287.430, RSMo 1969. In *Skinner*, the injured worker's claim was filed more than one year after the injury, but within one year after payment of benefits to her and payment of medical bills for her treatment. This Court held such payments were "on account of the injury" within the meaning of § 287.-430, RSMo 1969; consequently, the claim was timely. 575 S.W.2d at 941.

*Skinner* also noted § 287.430, RSMo 1969, was a statute of repose. 575 S.W.2d at 941. This becomes important when we consider the 1980 amendment to that section, *infra*.

A statute of repose was explained by the Supreme Court of Missouri in *Wentz*, 175 S.W.2d at 853–57. There, a worker was injured April 26, 1941. At that time—as we have seen—a claim for Workmen's Compensation benefits had to be filed within six months after the injury. On October 10, 1941, an amendment to the statute of limitations took effect, extending the period to one year. The worker filed a claim December 26, 1941, more than six months after the injury but within one year after it. This presented the obvious question of whether the amendment applied to claims existing when it took effect, or only to claims accruing thereafter. If the former, the worker's claim was timely; if the latter, it was barred. *Id.* at 853.

The Supreme Court declared a statute which affects only the remedy may properly apply to a claim which has already accrued and is existing at the time the statute is enacted. *Id.* Ordinary statutes of limitation are held to affect the remedy only. *Id.* This is in contrast to a class of statutes creating a right with a special limitation appended to the exercise of the right. *Id.* at 854. Under statutes of this type, expiration of the period for exercising the right extinguishes the right, not merely the remedy. The Supreme Court examined sundry authorities, then concluded the statute of limitations for Workmen's Compensation claims (then § 3727, RSMo 1939, amended 1941) was a statute of repose affecting the remedy only, not the right. Thus, the worker's claim was not extinguished when six months passed after her injury; she lost only her remedy. Because the one-year limitation took effect within six months after the injury (while her remedy still existed), her claim filed within one year after the injury was timely. 175 S.W.2d at 855–57.

Effective August 13, 1980, the statute of limitations (then § 287.430, RSMo 1978) was amended by Laws of Missouri 1980, C.C.S.H.B. 1396, pp. 358–79, § 1. As amended, the section read, in pertinent part:

No proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed ... within two years after the date of injury or death, or in cases where the employee has filed the notice required by section 287.420, the claim must be filed within two years from the date of receipt by the division of the filing by the employer of the report of injury or death as required by section 287.380, and in those cases where the employer has not complied with the provisions of section 287.380, a claim, other than in occupational disease cases, may be filed by an employee up to but not exceeding a period of three years from the date of injury; provided, that in no event may proceedings for compensation under this chapter be filed more than five years after the injury or death.... The statute of limitation contained in this section is one of extinction and not of repose.

The 1980 amendment changed the period of limitation from one year to two, eliminated the proviso about payments "on account of the injury or death," and added the sentence making the statute one of extinction and not of repose.

The Western District of this Court addressed the 1980 version of § 287.430 in *Foreman v. Shelter Insurance Co.*, 706 S.W.2d 227 (Mo.App.1986). There, an employee was injured January 16, 1980. He filed a claim for workers' compensation benefits in November, 1981. The Western District recognized that if the applicable limitation was the one in effect on the date of the injury (one year), the claim was barred. If the applicable limitation was the one in the 1980 enactment (two years), the claim was timely. The Western District declared *Foreman* was controlled by *Wentz*, 175 S.W.2d 852. *Foreman*, 706 S.W.2d at 228. The Western District said:

Wentz makes it clear that it is the plain language of the statute which must be examined to determine legislative intent and it is the intent of the legislature which must be heeded in construing the meaning of the statute. If the only change in § 287.430 effected by the 1980 amendment had been the enlargement of

time for filing, *Wentz* would mandate that Foreman be given the benefit of the extension. However the last sentence of § 287.430, as amended, must also be given effect. That sentence declares the legislative intent to make the statute one which extinguishes the right. It is presumed that the legislature was aware of the courts' interpretation of the existing statute when it amended the statute. *Kilbane v. Director of Department of Revenue*, 544 S.W.2d 9, 11 (Mo. banc 1976). The change made by the legislature indicates their intention to change the construction of the statute which *Wentz* held was one of repose. The statute as it currently reads, defining itself as a statute of extinction, must have been intended by the legislature to extinguish not only the remedy but also the statutorily given right after a period of two years. It is, therefore, not merely procedural as a statute of limitations ordinarily is, but is substantive as declaring the time period a condition upon the existence of the right....

... Because the statute regulates the right itself, the statute is a substantive one. "Statutes affecting substantive rights are not to be construed retrospectively in the absence of clearly expressed legislative intent." *Center School District No. 58 v. Kenton*, 345 S.W.2d 120, 127 (Mo.1961). The legislature expresses no such intent in its amendment of § 287.430.

*Foreman*, 706 S.W.2d at 229–30.

The Western District held the 1980 version did not apply retroactively, hence the employee did not get the benefit of the two-year limitation and his claim was barred by the one-year limitation in effect when the injury occurred. 706 S.W.2d at 230.

The Western District followed *Foreman* in *Newbound v. Kingsford Charcoal Co.*, 786 S.W.2d 226 (Mo.App.1990), which also involved the 1980 version of § 287.430. *Newbound* held payment by an employer for an examination of an injured worker by a physician five years after the injury did not revive the worker's claim for workers' compensation benefits. The opinion con-

cluded: "Whether a payment on account of the injury has been made is not considered because the time limitation of § 287.430 is one of extinction and not repose." 786 S.W.2d at 228.

In 1981, the General Assembly once again reworked § 287.430. Laws of Missouri 1981, H.C.S.H.B. 324, pp. 399–409. As amended by that legislation, the section read, in pertinent part:

No proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed ... within two years after the date of injury or death, or the last payment made under this chapter on account of the injury or death; provided, however, that if the report of the injury or the death is not filed by the employer as required by section 287.380, the claim for compensation may be filed within three years after the date of injury, death, or last payment made under this chapter on account of the injury or death.... The statute of limitations contained in this section is one of extinction and not of repose.

The final amendment of § 287.430 prior to Employee's death in the instant case occurred in 1983. Laws of Missouri 1983, H.C.S.S.C.S.S.B. 44 & 45, pp. 804–906. The 1983 version is quoted in part at the outset of this opinion. Because the differences between the 1981 and 1983 versions are immaterial to the question presented in this appeal, we have not quoted the asymmetrical portions. The 1983 version, like the 1981 version, ends with the sentence: "The statute of limitations contained in this section is one of extinction and not of repose."

The effect of the 1981 amendment of § 287.430 was addressed by this Court in *Loard v. Tri–State Motor Transit*, 813 S.W.2d 71 (Mo.App.1991). There, a worker was injured August 14, 1980, the day *after* the *1980* amendment of § 287.430 took effect. She received payments for temporary total disability and medical expenses from September 25, 1980, through October 23, 1987. She filed a claim for workers' compensation benefits November 9, 1987. The Commission denied the claim, holding it was barred by the 1980 version of § 287.-430 in that it was not filed within two years after the injury. This Court traced the history of § 287.430, discussing *Wentz*, 175 S.W.2d 852, *Foreman*, 706 S.W.2d 227, and *Newbound*, 786 S.W.2d 226. This Court stated the issue thus:

The 1980 law was in effect when appellant was injured—August 14, 1980. Appellant received payments under the Workers' Compensation Law from September 25, 1980, through October 23, 1987. Those payments were made on account of the injury she had sustained. The 1981 law became effective during the interval in which payments were being made on account of the injury—on September 28, 1981. At the time the 1981 law became effective, appellant's claim was not barred by the period of limitation that was established by the 1980 law—the two year statute of limitation. When appellant filed her claim on November 9, 1987, seventeen days after the last payment had been made on account of the injury, more than two years had passed since the injury occurred. If the tolling provision added by the 1981 law does not apply, appellant's claim was barred. If the tolling provision applies, the claim was timely filed.

*Loard*, 813 S.W.2d at 73.

This Court then began its analysis:

In enacting the tolling provision in the 1981 law, the legislature left the two-year period of limitation that was adopted as part of the 1980 law unchanged. The legislature also left unchanged the declaration made in § 287.-430, 1980 Mo.Laws, that the statute of limitation in that section is one of extinction and not one of repose. The 1981 law added the provision that a claim may be filed within two years after the date of "the last payment made under this chapter on account of the injury or death." ... That provision established a legal excuse for lifting the statute's prior absolute bar to a claim being filed more than two years after the date of injury or death. It did not change the two-year period of limitation that was established by the 1980 law. It established a legally

acceptable excuse for not applying that period of limitation—that excuse being that payments were made by an employer or an insurer on account of the injury. As such, it affects the remedy, not the basis for the claim. Unless the provision added by the 1980 law that declared the statute to be one of extinction requires a different interpretation, the tolling provision added by the 1981 amendment is procedural. . . .

813 S.W.2d at 74.

This Court then reasoned the tolling provision in the 1981 amendment is procedural, not substantive. The rationale for this conclusion appears in 813 S.W.2d at 74–75 and need not be repeated here. Having decided that, this Court applied the tolling provision in *Loard* and held that because the worker's claim was filed within two years after payments for temporary total disability and medical expenses on account of her injury, her claim was timely. *Id.* at 75.

The instant case differs from *Loard* in two respects. First, in *Loard* the 1980 version of § 287.430 was in effect when the injury occurred; the 1981 version took effect 13 months later. Here, the 1983 version was in effect when Employee was fatally injured, and remained unchanged past the date the claim for benefits was filed.

Second, the payments for temporary total disability and medical expenses in *Loard* began within the two-year period immediately following the injury. Here, Employer made no payment on the bill for Employee's funeral for more than three years after the death (the three-year limitation in the 1983 version applies, as Employer did not report the death as required by § 287.380).

Do these differences require the instant case be decided differently than *Loard?* We say no.

*Loard* held the tolling provision in the 1981 version of § 287.430 applied, even though that version did not take effect until 13 months after the injury. Here, the 1983 version of § 287.430 (containing a toll-

ing provision identical to the 1981 version) was in effect long before Employee's fatal accident. Obviously, the tolling provision applies here.

The second difference (detailed above) raises a question not present in *Loard*. Here, Employer paid nothing during the three-year limitation period. Thus, the limitation had run before Employer's first payment on the bill for Employee's funeral. *Loard* did not have that issue, as the payments to the injured worker on account of her injury began within six weeks after it occurred.

If the tolling provision in the 1981 amendment (carried forward intact in the 1983 amendment) were substantive instead of procedural, it might be argued the claim here is barred under the logic of *Newbound*. There, it will be recalled, the limitation had run long before the employer paid for the injured worker's medical examination.

However, consistent with *Loard*, we have concluded the tolling provision reintroduced to § 287.430 by the 1981 amendment is procedural, not substantive. We therefore hold that if Employer's payments on the bill for Employee's funeral were payments "made under this chapter [287] on account of [Employee's] death," the widow's claim is timely.

This holding does not contradict *Newbound*. There, the injury occurred in April, 1981, while the 1980 version of § 287.430 was in effect. That version had no tolling provision. At all pertinent times in the instant case, the 1983 version of § 287.430 (containing the tolling provision reintroduced in 1981) was in effect. The 1980 version under which *Newbound* was decided never affected the instant case.

The pivotal issue here is thus reduced to whether Employer's payments on the bill for Employee's funeral were, within the meaning of § 287.430, RSMo 1986, payments "made under this chapter on account of the . . . death" of Employee.[5]

Employer insists its payments on the bill for Employee's funeral were not made un-

---

**5.** As reported in the first paragraph of this opinion, § 287.430, RSMo Cum.Supp.1983, was in

effect when Employee was fatally injured. Section 287.430, RSMo 1986, was in effect when

der chapter 287, RSMo 1986. In support of that contention, Employer directs us to the testimony its president presented to the ALJ.

The president testified it was not his intention to make payments on the funeral bill "under the provisions of the workers' compensation law," as he was unaware of all its provisions. He explained that before and after Employee's death, Employer gratuitously paid funeral expenses for some of its needy students and parishioners.

Employer acknowledges the holdings in *Elsas,* 50 S.W.2d 130, *McFall,* 61 S.W.2d 911, *Parker,* 145 S.W.2d 482, and *Skinner,* 575 S.W.2d 935, discussed earlier in this opinion, and Employer concedes that prior to the 1980 amendment of § 287.430, "any payment by the employer served to extend the statute of limitations whether it was made under Chapter 287 or not, and the intent of the employer in making any payment was not relevant."

However, argues Employer, the statutory phrase on which those cases hinged required only that the payment be "made on account of the injury or death." Employer emphasizes that the tolling provision reintroduced in § 287.430 by the 1981 amendment requires the payment be "made *under this chapter* on account of the injury or death." Employer, as we comprehend its argument, asserts the phrase "under this chapter" demonstrates the General Assembly meant the tolling provision to apply only where an employer makes a payment in recognition of its obligation under The Workers' Compensation Law.

Citing *State ex rel. Thompson–Stearns–Roger v. Schaffner,* 489 S.W.2d 207, 212[2] (Mo.1973), Employer reminds us a change in a statute is ordinarily intended to have some effect, and the General Assembly will not be charged with having done a meaningless act. Employer continues, "[T]he legislature is presumed to know the judicial construction of a prior act so that an amendment substituting new language for that previously construed indicates that a different interpretation should be given to the new language."

Employer made the payments on the bill for Employee's funeral. As explained in footnote 1,

Had the General Assembly never eliminated the phrase "made on account of the injury or death" from § 287.430, but merely added the phrase "under this chapter" to it, Employer's argument would be stronger.

However, as we learned earlier, the 1980 amendment to § 287.430 eliminated the proviso about payments "made on account of the injury or death." When that proviso was restored to § 287.430 by the 1981 amendment, it was phrased, "made under this chapter on account of the injury or death." What is the significance of the difference?

The cases construing the pre–1980 version of § 287.430 and its predecessors all involved payment of an obligation created by The Workers' (or Workmen's) Compensation Law ("the Law"). None of those payments was for something the Law did not require.

We believe the General Assembly, in restoring the proviso in 1981, meant to make it clear that only a payment of an obligation created by the Law would extend the period of limitation. Accordingly, purchase by an employer of groceries for an injured employee, or for a family of a deceased employee, would not extend the period of limitation. Similarly, payment of rent directly to a landlord for the benefit of an injured employee or the family of a deceased employee would not extend the period of limitation. Only payment of an obligation created by the Law would do so.

To the extent, if any, that an argument can be made for Employer's interpretation of the 1981 proviso, we are guided by *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781 (Mo. banc 1983):

The fundamental purpose of the Workers' Compensation Law is to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment.... The law is to be broadly and liberally interpreted with a view to the public interest, and is intended to extend its benefits to the largest possible class....

*supra,* § 287.430, RSMo Cum.Supp.1983, was carried forward unchanged in RSMo 1986.

Any doubt as to the right of an employee to compensation should be resolved in favor of the injured employee.

646 S.W.2d at 783[2].

Accordingly, we hold the intent of Employer's president in paying the bill for Employee's funeral is immaterial in determining whether the claim was timely. Employer was required by § 287.240, RSMo Cum.Supp.1983,[6] to pay the reasonable expense of Employee's burial, not exceeding two thousand dollars. Employer paid nothing toward that expense until January 20, 1989, when Employer made a $200 payment. We hold that payment was "made under this chapter [287] on account of the ... death" of Employee. Claimants filed their claim July 25, 1990, within 19 months after that payment. The claim was timely.[7]

The Commission's award is affirmed.

PARRISH, C.J., and SHRUM, J., concur.

---

6. Footnote 4, *supra.*

7. Employer's payments on the bill for Employee's funeral did not reach a total of $2,000 until the $800 payment of January 4, 1990, hence it is arguable that Claimants had three years from that date to file their claim. We need not, and do not, decide that question.